# W. S. TYLER COMPANY *v.* LUDLOW–SAYLOR WIRE COMPANY.

### APPEAL FROM AND PETITION FOR CERTIORARI TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 441, 622. Argued December 15, 1914; petition for writ of certiorari submitted December 15, 1914.—Decided March 22, 1915.

Paying an agent, who is also employed by another corporation, to solicit orders to be executed at its home office and sharing expenses with another corporation of an office in the District in which a suit for infringement of patent is brought, *held* in this case not to amount to having a regular and established place of business which would subject a foreign corporation to the jurisdiction of the Federal court under the act of March 31, 1897, c. 395, 29 Stat. 695.

Where an agent solicits an order in one State and forwards it to his principal at its home office in another State and the goods are shipped direct by the principal the sale is consummated in the latter State and does not constitute an infringement of patent in the former State.

Where appeal is properly prosecuted and certiorari is also asked from the same judgment of the Circuit Court of Appeals, the latter will be denied.

THE facts are stated in the opinion.

*Mr. Charles C. Linthicum,* with whom *Mr. J. Negley Cooke* and *Mr. D. Anthony Usina* were on the brief, for appellant and petitioner:

There was an established place of business and an in-

fringement committed in New York. *American Stoker Co.* v. *Underfeed Stoker Co.*, 182 Fed. Rep. 642; *Chadeloid Chemical Co.* v. *Chicago Finishing Co.*, 180 Fed. Rep. 770; *Chicago Tool Co.* v. *Phila. Tool Co.*, 118 Fed. Rep. 852; *Westinghouse Co.* v. *Stanley Co.*, 116 Fed. Rep. 641; *S. C.*, 121 Fed. Rep. 101.

*Mr. James P. Dawson* and *Mr. William E. Garvin* for appellee and respondent, submitted.

Memorandum opinion by MR. JUSTICE McREYNOLDS, by direction of the court.

Alleging infringement of its patent and asking appropriate relief appellant, an Ohio corporation, instituted this proceeding in equity against the Ludlow-Saylor Wire Company, a corporation organized under the laws of Missouri, in the United States District Court for the Southern District of New York. Objection to the jurisdiction was sustained and a direct appeal to this court allowed.

The cause is properly here upon the appeal and the application for certiorari heretofore presented (No. 622) must be denied.

The act of March 3, 1897, c. 395, 29 Stat. 695, provides: "That in suits brought for the infringement of letters patent the circuit [now district] courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership or corporation, shall have committed acts of infringement and have a regular and established place of business. . . ."

Evidence was introduced to show that appellee had the requisite place of business in New York City and also had committed an act of infringement by making a sale there. The trial court held neither claim was established.

The Wire Company is a manufacturer of screens, with plant and home office at St. Louis, Missouri. For some eighteen months in 1911 and 1912 it employed Guerin, upon whom process was served, as "Eastern Representative," paying him a small salary, commission on sales, and traveling expenses. During this period he was also employed by another corporation which rented a room in the building at No. 30 Church Street, New York City, and there he maintained headquarters as representative of both concerns—the rent and stenographer's wages being apportioned between them according to agreement. His duty to appellee was "to solicit orders [and] forward them when received to the home office for execution." Considering all the facts disclosed we think them insufficient to support the allegation that appellee had a regular and established place of business at 30 Church Street within the intendment of the statute. *Green* v. *Chicago, Burlington & Quincy Railway*, 205 U. S. 530, 533.

The circumstances attending only one sale appear in the record and this was negotiated by the purchaser in order that it might afford the basis for a suit. Guerin received and forwarded, and his principal accepted, the order for goods which were thereafter manufactured and shipped by express to the purchaser in New York City. This sale was consummated at St. Louis and did not constitute an infringement of appellant's patent within the district where suit was brought. *Westinghouse Electric & Mfg. Co.* v. *Stanley Electric Mfg. Co.*, 116 Fed. Rep. 641.

The decree is

*Affirmed.*