UNITED STATES ENVELOPE CO. et al. v. TRANSO PAPER CO. et al.

(District Court, D. Connecticut. February 15, 1916.)

No. 1748.

1. Patents ☞288—Suits for Infringement—Jurisdiction—District in
Which Suit may be Brought.

Under Judicial Code (Act March 3, 1911, c. 231) § 48, 36 Stat. 1100 (Comp. St. 1913, § 1030), providing that in suits for infringement of letters patent the District Court shall have jurisdiction in the district in which the defendant shall have committed acts of infringement and have a legal and established place of business, the facts that defendant has committed acts of infringement within the district and has a legal and established place of business therein must concur, or the court is without jurisdiction; and where a defendant had no such place of business, the court had no jurisdiction, though it had an agent in the district, who in the course of his business used infringing articles; and it was immaterial whether he had power to complete contracts, or was merely authorized to solicit orders and forward them to the home office for execution.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 460–466; Dec. Dig. ☞288.]

2. Patents ☞288—Suits for Infringement—Jurisdiction—Waiver of Objections.

Where, in a suit for infringement of a patent, after the District Judge had overruled a defendant's plea to the jurisdiction, and held that it had a legal and established place of business and had infringed the patent within the district, the defendant answered, submitted to the interlocutory judgment, referring the case to a master, and filed exceptions to the master's report, it did not waive the question of jurisdiction, so as to prevent it from raising such question by a motion to dismiss for want of jurisdiction, on the ground that it had no place of business within the district, since an interlocutory judgment in equity or admiralty is always subject to review or reversal until final judgment, and may be opened at a subsequent term, notwithstanding the right to appeal therefrom, and moreover consent can never confer jurisdiction upon a federal court, where any jurisdictional fact prescribed by the statute is lacking.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 460–466; Dec. Dig. ☞288.]

3. Courts ☞37—United States Courts—Jurisdiction—Waiver of Objections.

Consent of the parties can never confer jurisdiction upon a federal court, and any jurisdictional fact prescribed by the statute is absolutely essential, and cannot be waived, and the want of it may be raised at any stage of the cause.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–149, 151, 156; Dec. Dig. ☞37.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. Costs &#8734;8—Dismissal for Want of Jurisdiction.
    Where a patent infringement suit was dismissed for want of jurisdiction, no costs could be taxed.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 16; Dec. Dig. &#8734;8.]

In Equity. Suit by the United States Envelope Company and another against the Transo Paper Company and another. On motion by the defendant named to dismiss for want of jurisdiction. Motion granted.

See, also, 221 Fed. 79.

Robert H. Parkinson, of Chicago, Ill., and Louis W. Southgate, of Worcester, Mass., for plaintiffs.

Thomas A. Banning, of Chicago, Ill., Arthur L. Shipman, of Hartford, Conn., John P. Bartlett, of New York City, and Samuel Adams, of Chicago, Ill., for defendant Transo Paper Co.

THOMAS, District Judge. This is a motion on the part of the defendant Transo Paper Company, a nonresident corporation, to have the court set aside and vacate, as to it, the interlocutory decree and reference to the master entered in this cause on or about December 29, 1913, and all orders entered in this cause since the filing of the bill of complaint herein, and to dismiss the bill as to this defendant for want of jurisdiction.

This motion involves two questions: (1) Whether the defendant corporation had any regular and established place of business in this district, and, if it had, whether it had committed any acts of infringement, either by manufacture or use, in this district; and (2) whether the fact that, after Judge Mayer had overruled its plea to the jurisdiction and held that the defendant corporation did have such regular and established place of business, and had by use infringed the patent in suit in this district, the defendant corporation by its answer, and by submitting to the interlocutory judgment referring the case to a master and filing exceptions to the master's report, had waived the question of jurisdiction, so as to now not permit its being raised.

[1] I. The first question to be determined is whether the defendant, being a nonresident corporation, was doing business in this district in such a manner and to such an extent as to warrant the inference that it was present here through its agent. If it was, it is liable to service in this district, providing that it has manufactured or used the alleged infringing article here; and, if it has not, such service cannot be made here, for it is a sine qua non of liability to service in a suit for infringement of a patent that a nonresident corporation shall have "a regular and established place of business" in the district where the suit is brought. Act of March 3, 1897, c. 395, 29 Stat. 695; Judicial Code, § 48.

In Green v. Chicago, Burlington & Quincy Ry., 205 U. S. 530, 533, 27 Sup. Ct. 595, 596 (51 L. Ed. 916) where the question of jurisdiction was made to depend upon the diverse citizenship of the parties, it was held that a railroad company, which had no tracks within the

district, was not in business therein, in the sense of liability to service, because it hired an office and employed an agent for the merely incidental purpose of solicitation of freight and passenger traffic. In the course of the opinion the court said:

"The business shown in this case was in substance nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business,' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district, so that process can be served upon it. This view accords with several decisions in the lower federal courts. Maxwell v. Atchison, etc., Railroad [C. C.] 34 Fed. 286; Fairbank & Co. v. Cincinnati, etc., Railroad, 54 Fed. 420 [4 C. C. A. 403, 38 L. R. A. 271]; Union Associated Press v. Times Star Co. [C. C.] 84 Fed. 419; Earle v. Chesapeake, etc., Railroad [C. C.] 127 Fed. 235."

In Tyler v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 Sup. Ct. 458, 59 L. Ed. 808, the Supreme Court, in disposing of a question involving substantially the same facts as are here presented, referred to its opinion in Green v. Chicago, Burlington & Quincy Ry., supra, as defining the words "regular and established place of business," and held that paying an agent, who was also employed by another corporation, to solicit orders to be executed at its home office, and sharing expenses with such other corporation of an office in the district in which suit for infringement of a patent is brought, did not give the court jurisdiction of a suit against a nonresident corporation for infringement of a patent.

· And it follows that if the defendant does not have "a regular and established place of business" in this district the court is without jurisdiction, and the fact that the defendant's agent may have used in this district in the course of his business infringing envelopes, and the question whether the agency in question was to solicit orders and forward them to the home office for execution, as in Tyler v. Ludlow-Saylor Wire Co., supra, and Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co. (C. C.) 116 Fed. 641, or whether the agency was carried on with a power to complete a contract in this district binding on the defendant, as in Chicago Pneumatic Tool Co. v. Philadelphia Pneumatic Tool Co. (C. C.) 118 Fed. 852, are immaterial. In other words, in suits for infringement of letters patent against a nonresident corporation, both the fact that the defendant has committed acts of infringement and has a regular and established place of business must concur; otherwise, the court is without jurisdiction.

[2] II. Has the defendant, by its failure to have reviewed immediately the jurisdictional question decided on the plea, precluded itself from now raising that question? In my opinion there are two conclusive answers to this question:

(a) An interlocutory judgment in equity or admiralty is always subject to review or reversal until final judgment, and may be opened at a subsequent term. As was said by Judge Wallace in Celluloid Manufg. Co. v. Cellonite Manufg. Co. (C. C.) 40 Fed. 476, 477:

"The cause remains under the control of the court until disposed of by a final decree, and until then it can revise the interlocutory decree, or any proceeding in the cause; and it is its duty to correct any error of the master affecting the merits, as well as any error of its own, properly brought to its

knowledge. Wooster v. Handy [C. C.] 22 Blatchf. 308, 21 Fed. 51; Perkins v. Fourniquet, 6 How. 206 [12 L. Ed. 406]; Fourniquet v. Perkins, 16 How. 82 [14 L. Ed. 854]."

Other authorities directly in point are Green v. Fisk, 103 U. S. 518, 26 L. Ed. 485, Northwest Transp. Co. v. Boston Marine Ins. Co. (C. C.) 41 Fed. 793, and Harmon v. Struthers (C. C.) 48 Fed. 260. The right of a party aggrieved to appeal from an interlocutory order granting or refusing an injunction must be regarded as permissive solely, and does not in any way change the interlocutory judgment into being a final one.

[3] (b) Consent of the parties can never confer jurisdiction upon a federal court. Any jurisdictional fact prescribed by the statute is absolutely essential, and cannot be waived, and the want of it may be raised at any stage of the cause. Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 420, 421, 31 Sup. Ct. 460, 55 L. Ed. 521; M. C. & L. M. Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Cameron v. Hodges, 127 U. S. 322, 326, 8 Sup. Ct. 1154, 32 L. Ed. 132; Martin v. Baltimore & Ohio Railway, 151 U. S. 673, 689, 14 Sup. Ct. 533, 38 L. Ed. 311; Minnesota v. Northern Securities Co., 194 U. S. 48, 62, 63, 24 Sup. Ct. 598, 48 L. Ed. 870; Thomas v. Board of Trustees, 195 U. S. 207, 211, 25 Sup. Ct. 24, 49 L. Ed. 160.

[4] As the case is dismissed for want of jurisdiction, no costs can be taxed. Hornthall v. Collector, 9 Wall. 560, 19 L. Ed. 560; Inglee v. Coolidge, 2 Wheat. 363, 4 L. Ed. 261; McIver v. Wattles, 9 Wheat. 650, 6 L. Ed. 182; Strader et al. v. Graham, 18 How. 602, 15 L. Ed. 464; Miller v. Clark (C. C.) 52 Fed. 900.

Let the motion be granted as against the Transo Paper Company, without costs.