### CUTLER–HAMMER MFG. CO. v. CURTIS & CARHART, Inc.

(Circuit Court of Appeals, Second Circuit. January 7, 1924.)

No. 152.

1. **Patents** ⊜⟾288—**Foreign corporation having agent in jurisdiction soliciting orders held not subject to suit.**

That a Wisconsin corporation, located in Milwaukee, had an agent in New York soliciting orders for a device alleged to infringe plaintiff's patent, which orders were sent to and were subject to rejection by the principal in Wisconsin, did not subject principal to suit in New York.

2. **Patents** ⊜⟾288—**Agent for transmission of order to principal without state not subject to infringement suit; "sale."**

Where defendant agent took an order in New York for a device alleged to infringe plaintiff's patent, and sent it to a Wisconsin corporation. located in Milwaukee, which corporation accepted the order, though it was privileged to reject it, and shipped the goods to the agent for delivery to the giver of the order, *held*, that there was no sale in New York, within the Uniform Sales Act and Judicial Code, § 48 (Comp. St. § 1030), conferring jurisdiction of an infringement suit in New York against either the agent or the corporate defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sale.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Cutler-Hammer Manufacturing Company against Curtis & Carhart, Inc., and another. Decree for plaintiff as

⊜⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

against the named defendant, and the named defendant appeals. Reversed and remanded, with directions to dismiss the bill.

Appeal from decree entered in the District Court for the Southern District of New York, holding valid, and infringed by defendant, Barnum patent, No. 1,096,485, for "electric switches." The bill as filed named as defendants not only Curtis & Carhart, a corporation having an established place of business in New York City, but the Union Electric Manufacturing Company, a Wisconsin corporation, doing business at Milwaukee. The plaintiff is also incorporated in Wisconsin and is established at Milwaukee. The suit failed as against Union Electric Company because that concern could not be served within the district, having there no agency or place of business.

As against Curtis & Carhart it is not asserted that they either made or used the device alleged to infringe, viz. "contact fingers" for a certain type of electric motor made and sold by Union Electric Company. Infringement rests on the allegation that Curtis & Carhart sold $5 worth of said contact fingers. Facts are that Curtis & Carhart are not agents for Union Electric Company, but they do take orders, based on catalogues issued by the latter company, for said company's products.

An agent of plaintiffs, for purposes of suit, went to Curtis & Carhart's place of business in New York City, and ordered from the Union Company's catalogue the contact fingers on which this suit rests. The order was transmitted to Union Company, as for said agent (or his employer, the evidence being uncertain on this point); Union Company filled the order, and sent the goods to Curtis & Carhart, who delivered them to said agent on his paying Union Company's price, plus transportation charges.

The course of business, and, as we find, the fact here, was that Union Company was entirely at liberty to decline the order if it so desired, and all goods so ordered, including the alleged infringing articles, were shipped and sold by Union Company f. o. b. Milwaukee. Plaintiff's agent received the original package, as shipped by Union Company; Curtis & Carhart carried no stock of such goods, and had not even a sample thereof in their office or store; the transaction was entirely from or by catalogue.

Plaintiff had decree; defendant appeals.

Arthur L. Morsell, of Milwaukee, Wis., and Philipp, Sawyer, Rice & Kennedy, of New York City, for appellant.

Edwin B. H. Tower, Jr., of Milwaukee, Wis., Ross O. Hinkle, of Chicago, Ill., and Kiddle & Margeson, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). This suit began as an attempt by the Wisconsin plaintiff to sue its Wisconsin neighbor in the city of New York; the bill alleging that the defendants "and each of them" had within the Southern district of New York "jointly and severally unlawfully and wrongfully made, used, and sold" infringing switches.

[1] As against the Wisconsin defendant the effort failed in limine, because that corporation had no "regular and established place of business" within the district. It had not even an agency therein, and the reception and even the solicitation by Curtis & Carhart of orders for transmission to Milwaukee did not subject Union Company to suit in the New York district. Tyler v. Ludlow, etc., Co., 236 U. S. 723, 35 Sup. Ct. 458, 59 L. Ed. 808.

[2] The proof shows that neither defendant either made or used the articles complained of within this jurisdiction, nor did the Union Company sell them therein, under the method of business proved. Tyler v. Ludlow, etc., Co., supra; Chicago v. Di Salvo, 302 Ill. 88, 134 N. E. 5;

Williston, Cont. § 836. Consequently the power of the court below to try this suit, as against Curtis & Carhart, rests solely on the assertion that that concern, at its regular and established place of business within the Southern district of New York, sold to plaintiff's emissary $5 worth of "contact fingers." Act of 1897, as re-enacted in Judicial Code, § 48 (Comp. St. § 1030). Vide U. S. Envelope Co. v. Transo Paper Co. (D. C.) 229 Fed. 576; Westinghouse Electric & Mfg. Co. v. Stanley (C. C.) 116 Fed. 641.

No one can sell an article, unless he transacts what the law calls a sale, and that word is defined by the Uniform Sales Act (in force both in New York and Wisconsin) as a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price. This Curtis & Carhart did not do; they never had the property in these "contact fingers" to transfer. They took the order as given, and transmitted it to Union Company in Milwaukee, which was entirely at liberty to accept or reject it. It accepted, and shipped to Curtis & Carhart for delivery to the giver of the order. The appellant did not buy these contact fingers, and never owned them. While they could and did transfer the possession on payment of price, they never owned the price, any more than they owned the goods. In short, their relation to the entire transaction was that of a conduit; plaintiff's agent bought from Union Company and that company sold to him. Cases supra.

This suit we are compelled to regard as an attempted abuse of the enlargement of jurisdiction given by the act of 1897. That statute conferred on patentees greater privileges, by way of choosing where to sue, than most citizens enjoy. It may be used as an instrument of oppression, and this is an instance thereof. The inference is irresistible that plaintiff, whose patent has been sustained by this court (Cutler, etc., Co. v. Pawling [C. C. A.] 267 Fed. 980), preferred this circuit for further vindication of rights, against even trivial alleged offenders, rather than proceeding against the admitted maker and seller next door. This effort must fail.

Decree reversed, and cause remanded, with directions to dismiss the bill.