**AEROIL BURNER CO., Inc., v. LITTLEFORD et al.**

(District Court, S. D. New York. September 20, 1926.)

**1. Courts ☞351½.**

On motion to dismiss for lack of jurisdiction of person, jurisdictional facts may be controverted, although alleged in complaint.

**2. Courts ☞37(1).**

Question of jurisdiction of person cannot be presented by answer, which would waive objections.

**3. Reference ☞3.**

On motion to dismiss, reference may be ordered to determine existence of facts giving jurisdiction of person.

In Equity. Suit by the Aeroil Burner Company, Inc., against John S. Littleford and others, composing the firm of Littleford Bros., and another. Reference for determination of jurisdiction.

Kremer & Leavitt, of New York City, for plaintiff.

Howard W. Dix, of New York City (Philip Farnsworth, of New York City, of counsel), for defendants.

THACHER, District Judge. [1-3] Upon motion to dismiss for lack of jurisdiction of the person, jurisdictional facts may be controverted, although alleged in the bill of complaint. Miller v. Minerals Separation, Ltd. (D. C.) 275 F. 380. The question cannot be presented by answer, because that would waive it. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237. If within the rule in Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808, Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co. (C. C.) 116 F. 641, and Cutler-Hammer Co. v. Curtis & Carhart (C. C. A.) 296 F. 117, the court is without jurisdiction of the defendant Cumming, that question should now be determined. Reference will therefore be made to J. Hampden Dougherty, Jr., to hear, determine, and report (1) whether or not the defendant Charles R. Cumming is an inhabitant of the Southern district of New York; and if he is not such inhabitant, (2) what acts, if any, of alleged infringement were performed by him in said district prior to the service upon him of the amended bill of complaint herein, the nature of all such acts, and their relation to any sale in said district of any article which is claimed by the plaintiff to infringe letters patent of the United States, No. 1,574,489, granted February 23, 1926, to George P. Kittel; and (3) whether or not this court has jurisdiction of the person of said defendant.