## ROOT et al. v. SAMUEL CUPPLES ENVELOPE CO. et al.

District Court, S. D. New York. December 4, 1929.

Charles F. Dane, of New York City (William F. Hall, of Washington, D. C., and Charles F. Dane, of New York City, of counsel), for plaintiffs.

Douglas, Armitage & McCann, of New York City (Elmer J. Gray, of Boston, Mass., of counsel), for defendant Robinson Company.

HUTCHESON, District Judge. This is a suit for infringement of letters patent. The Samuel Cupples Envelope Company, sued as the user of the machine, having a regular and established place of business in the Southern District of New York, was duly served there, and made default. The defendant John T. Robinson, the maker and seller of the machine in question, entered a special appearance and moved to set aside the service of it on the ground that it did not have a "regular and established place of business within the Southern District of New York."

Upon oral hearing the motion was denied by Judge Thacher without written opinion, whereupon defendant filed its answer saving to itself all right to except to the jurisdiction of the District Court in this case. In its answer defendant excepted to the jurisdiction of the court, denying that it had committed any act of infringement within the district, and that it had a regular and established place of business there.

The cause coming on for hearing, evidence was offered by both plaintiffs and defendant, both upon the question of jurisdic-

406

tion, and upon the merits of the case as to the validity of the patent and its infringement.

The patent involved has been in Root v. Hobbs Mfg. Co., 294 F. 236, 241, sustained by the Circuit Court of Appeals for this circuit, the court saying, "We regard the patent in suit as a pioneer," and it is strongly urged by defendant that this is another instance of the kind frustrated in Cutler-Hammer Mfg. Co. v. Curtis & Carhart (C. C. A.) 296 F. 117, of a desire on the part of a plaintiff to relitigate his patent in a jurisdiction already committed to his cause.

Defendant has confined his brief to the defense of nonjurisdiction, asserting that, "The case on jurisdiction is so conclusive for the defendant that it would be supererogation to discuss infringement."

Since I agree with defendant, this opinion will not concern itself with the merits of the action.

■ Unlike suits of a general nature maintained against corporations upon the fiction that by doing business in a state they are present within the state and subject to process there, the jurisdiction in this case is fixed directly by statute, the terms of which are definite and the meaning of which seems fairly clear. This statute, Judicial Code § 48 (28 USCA § 109), provides: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business."

It will be noted that jurisdiction which is founded upon constructive presence in a state extends to corporations alone (Flexner v. Farson, 248 U. S. 293, 39 S. Ct. 97, 63 L. Ed. 250), while the jurisdiction conferred by this statute extends to corporations and individuals alike when they come within its terms.

Since the statute fixes the terms upon which suit can be brought, these terms and these, alone, control the jurisdiction.

■ Defendant has undertaken to show that no sufficient basis for jurisdiction has been shown, even were the suit of a general nature and not covered by this statute, citing Green v. C., B. & Q. R. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; Phila. & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710; Davega, Inc., v. Lincoln Furniture Co. (C. C. A.) 29 F.(2d) 164; and plaintiff has replied with St. Louis,

Southwestern R. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486; International Harvester Co. v. Kentucky, 234 U. S. 216, 34 S. Ct. 853, 58 L. Ed. 1284; but since I believe that the statute, in providing that the defendant must have "a regular and established place of business' meant to require more than a mere finding that business was being done in the state, I do not find it necessary to determine whether, were the suit upon general grounds, jurisdiction would exist.

In Heine Chimney Co. v. Rust Engineering Co. (C. C. A.) 12 F.(2d) 596, where jurisdiction was denied, though the corporation had obtained authority to do business in Illinois, had named a place of business in the state, and an agent upon whom service could there be had, but had actually not done any business, the court said, "Section 48 was not enacted until 1897," citing Lumiere v. Wilder, Inc., 261 U. S. 174, 43 S. Ct. 312, 313, 67 L. Ed. 596. In that case the Supreme Court summed the whole matter of jurisdictional requisites up in the following: "Ordinarily a civil suit to enforce a personal liability under a federal statute can be brought only in the district of which the defendant is an inhabitant. * * * In a few classes of cases, a carefully limited right to sue elsewhere has been given. In patent cases it is the district of which the defendant is an inhabitant or in which acts of infringement have been committed and the defendant has a regular and established place of business." Judicial Code, § 48; W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808. In cases under the anti-trust laws, it is where the defendant resides or is found, or has an agent, and in the case of corporations, the district whereof it is an inhabitant, or "any district wherein it may be found or transacts business."

■ Here the plaintiff seeks, upon isolated facts, such as the name of the defendant on the door of the office occupied by Jesse Wood, the soliciting agent, the name of the company in the telephone directory and on the building directory, the letter of Robinson bearing across the legend, "New York Agent, Jesse Wood," and a circular of Robinson Company carrying the legend, "New York Office, 50 Church Street," to found a jurisdiction which rests, not upon judicial fiction, but upon express statutory definition. These standing alone and unexplained would be strong evidence of an established place of business, but by a contract between the agent and the defendant, and by the full and complete evidence in this case, they are all explained,

while each fact in the case, interpreted in connection with the other facts in it, leads to one conclusion, and that that Robinson Company not only has no regular and established place of business in this state, but maintains no stock here, and transacts no business here.

I have been somewhat troubled by the fact that Judge Thacher ruled on the point, when raised on preliminary motion to the jurisdiction, against the defendant.

I believe, however, that such ruling, while entitled to and receiving from me the greatest consideration, should not prevent the announcement by me of the conclusion which I think the fully developed evidence requires, because, compliance with the jurisdictional requisites being essential, it seems to me that this court cannot proceed if the absence of jurisdiction appears, and that no waiver of the point has arisen, or under the facts of this case can arise. Stryker Co. v. Perrin Mfg. Co. (C. C. A.) 256 F. 656.

Authorities supporting the views arrived at, that the defendant has no place of business under the statute, are W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808; Cutler-Hammer Mfg. Co. v. Curtis & Carhart (C. C. A.) 296 F. 117; Stryker Co. v. Perrin Mfg. Co. (C. C. A.) 256 F. 656; Frink Co. v. Erikson (C. C. A.) 20 F.(2d) 707; Zimmers v. Dodge Bros. (D. C.) 21 F.(2d) 152.