ELEVATOR SUPPLIES CO., Inc., v. WAGNER MFG. CO.

District Court, S. D. New York.

Feb. 2, 1931.

Darby & Darby and Samuel E. Darby, all of New York City, for plaintiff.

Howson & Howson and Hubert Howson, all of New York City, for defendant.

BONDY, District Judge.

The plaintiff having made a motion for a preliminary injunction in a patent infringement suit, the defendant moves for an order setting aside and quashing the service of subpœna and dismissing the bill of complaint for lack of jurisdiction on the ground that the defendant has no regular and established place of business in the Southern District of New York within the meaning of Judicial Code § 48 (28 USCA § 109).

The affidavit of the president of the defendant company discloses that the defendant is a corporation organized under the laws of the state of Iowa and engaged in the business of manufacturing accessories for elevators at Cedar Falls in that state. It, however, maintains an office consisting of two rooms, in charge of a sales representative in the city of New York. The company pays the rent, and has its name on the office door and in the New York telephone directory. It pays a salary and bonus to its sales representative, whose duty it is to solicit orders for elevator accessories manufactured by the defendant. He, however, has no power to bind the company by contract. All orders must be approved and accepted by the home office at Cedar Falls, Iowa. He does not pass on the credit of any customer. He is not authorized to make any collections or to receive any payments for the company. Some of the preliminary negotiations for the installation complained about were entered into by that representative, but they were continued by the president and sales manager, who came to New York for that purpose. The final order was accepted in Cedar Falls, Iowa. The materials for the equipment, except parts that were bought from other manufacturers, were manufactured in Cedar Falls. They were shipped from Cedar Falls to New York and delivered to the building in which they were installed and not to the New York office of defendant. The sales representative, with the engineer of the contractor, who ordered the signaling equipment, supervised the installation of the system on the elevators which were in the course of construction by the contractor.

The opposing affidavit states that, in addition to the sales representative in charge of the office which this defendant maintains in New York City, two or three others are employed by the defendant as salesmen and estimators to prepare estimates on proposals and to solicit business for the defendant and to do other work in the conduct of the business of the New York office; that stenographic and clerical assistants are likewise employed in said office; that all are in the employ of, and are paid by, the defendant, and that all of them use the New York office as their headquarters for carrying on their duties, being provided in said office with office equipment, desks, stationery, and business cards. The defendant's offices in New York are referred to in defendant's literature and on the business cards of its salesmen as defendant's New York branch. A working model of the defendant's electric operator and panel board having elevator signaling equipment manufactured by it are displayed in the office maintained in New York City by the defendant. The defendant has maintained offices in New York City for a number of years. It employed a super-

intendent of construction to take charge of the assembly of the signaling system involved in this action, as well as its installation. He was paid by the defendant and worked on the job under the supervision and direction of the sales representative. Erectors, laborers, and others were also employed by the defendant to perform the assembly, erecting, and installation work at the said building, and their wages were paid by the defendant. The equipment required the use of various parts which were purchased in New York City by the defendant and incorporated in the assembly of the alleged infringing installation. A large part of the work of designing and working out the details of the structure and arrangement of the parts of the complete installation was performed in New York City and was participated in by employees, representatives, and engineers of the defendant, and the completed installation was tested and put into actual operation by or under the supervision and direction of the sales representative or the construction superintendent, referred to above, before the equipment was turned over to the owners of the building.

The facts as thus disclosed by both sides are in substance undisputed. At most they disclose that the defendant maintains in the city of New York an office used by its New York representatives and employees for the purpose of soliciting orders and promoting its manufacturing business carried on in the state of Iowa, and that everything done in the New York office is merely incidental thereto, and that on one occasion it installed signaling equipment in an elevator system in New York.

The weight of authority seems to hold that the maintenance of an office by a foreign corporation, however long continued and however well equipped, to be used by its employees in soliciting business and doing things incidental to procuring orders for goods manufactured and sold by such corporation in another jurisdiction, does not constitute the maintenance of a regular and established place of business within the meaning of 28 USCA § 109.

The record on appeal in W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808, shows that the defendant was engaged in the business of manufacturing, and that it maintained its home office in St. Louis, Mo. It employed an "Eastern Representative" (who was also employed by another corporation) and paid him a salary, commission, and traveling expenses. It was his duty to solicit orders and forward them when received to the home office for execution. The corporation maintained headquarters in New York together with this other corporation; the rent and stenographer's wages being apportioned between them. Its name was on the office door and in the telephone directory. In its advertisements the company held itself out as having a New York City office. The corporation had samples of its products at the New York office. The Supreme Court held that the facts disclosed were insufficient to support the allegation that the appellee had a regular and established place of business in New York City within the intendment of the statute. See, also, Root v. Samuel Cupples Envelope Co. (D. C.) 36 F.(2d) 405; Hoegger v. F. H. Lawson & Co. (D. C.) 35 F.(2d) 219; American Electric Welding Co. v. Lalance & Grosjean Mfg. Co. (D. C.) 256 F. 34; Winterbottom v. Casey (D. C.) 283 F. 518; Zimmers v. Dodge Brothers (D. C.) 21 F.(2d) 152, 158; General Electric Co. v. Best Electric Co. (D. C.) 220 F. 347; Cutler-Hammer Mfg. Co. v. Curtis & Carhart, Inc. (C. C. A.) 296 F. 117. Compare Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co. (C. C.) 121 F. 101; Chadeloid Chemical Co. v. Chicago Wood Finishing Co. (C. C.) 180 F. 770; Davis v. Motive Parts Corp. (D. C.) 16 F.(2d) 148.

The motion to quash the service and dismiss the bill accordingly is granted.