**MAW v. NORTHERN PUMP CO., Inc.**

District Court, S. D. New York.
May 12, 1939.

---

[1] No opinion for publication.

Frederic P. Warfield, of New York City, for plaintiff.

Charles C. Reif, of Minneapolis, Minn., and Wilber W. Chambers, of New York City, for defendant.

CONGER, District Judge.

This is a motion to quash the summons and to dismiss the bill of complaint for lack of jurisdiction, due to improper venue.

This is a patent infringement suit. The defendant is a foreign corporation, to wit, a corporation organized by and under the laws of the state of Minnesota. Pursuant to Section 48 of the Judicial Code, 28 U.S.C.A. § 109, the defendant being a Minnesota corporation and therefore not an inhabitant of this District, this suit can only be brought "in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business". In order to confer jurisdiction, both of these must be present.

As a matter of fact, I am satisfied that the complaint does not meet this rule. It does not charge any infringement in this District. Neither does it allege that the defendant has "a regular and established place of business" in this District. · It simply states "and maintains offices within the Southern District of New York, to wit, at 135 East 42nd Street, New York, New York".

As to this last, it may or may not be sufficient, although the language of the complaint is not in the exact language of the section of the Judicial Code, but it is unnecessary to pass on that, because I am passing upon it as though the allegation had been set forth in accordance thereto.

With reference to the infringement, however, there is nothing before the Court except the bare statement in the brief of the attorney, as follows: "Among the machines kept at the New York office was one of the type claimed to infringe the plaintiff's patent", and the statement in the affidavit of the president of the defendant, as follows: "A few samples of smaller pumps are on exhibition at said New York office." There is nothing to indicate, in the complaint, a claim that any act of infringement of plaintiff's patent was committed in this District which in any way infringed upon the alleged patent rights of the plaintiff.

However, the plaintiff's main contention is that the defendant maintains a regular and established place of business within the Southern District of New York. Reliance is placed, by plaintiff's attorney, upon the affidavit of the defendant's president, and the Court's attention is directed to the following statement wherein the activities of the defendant in this District are set forth:

"That said company maintains an office at 135 East 42nd Street, in New York City. That said office is maintained for the purpose of soliciting business and doing things incidental to procuring orders for goods manufactured and sold by said corporation at Minneapolis, Minnesota. Said goods comprise pumps and pumping machinery. * * * A few samples of smaller pumps are on exhibition at said New York office. The rent of said New York office and the salaries of said employees there are paid by the Northern Pump Company, Inc. from its home office at Minneapolis, Minnesota."

I am satisfied, taking into consideration all of these activities, that the defendant does not have a regular and established place of business in this District. The matter has been passed upon on many occasions by the courts.

The case of W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808, is well in point. Based

810

largely on this, Judge Bondy passed on the same question. See Elevator Supplies Company, Inc. v. Wagner Manufacturing Co., District Court, S.D.N.Y., 54 F.2d 937, affirmed in 2 Cir., 54 F.2d 939. In the said last case, the activities of the defendant corporation in New York almost parallel the activities of the defendant in this case. Motion to quash the summons and dismiss the complaint granted.

Submit order on notice.