### HAIGHT v. VIKING PUMP CO. OF DELAWARE.
### No. 132.

District Court, E. D. Wisconsin.
Oct. 11, 1939.

S. L. Wheeler, of Wheeler, Wheeler & Wheeler, of Milwaukee, Wis., for plaintiff.

J. B. Newman, of Newman & Newman, of Cedar Falls, Iowa, for defendant.

DUFFY, District Judge.

This is a suit for infringement of patent. Defendant, appearing specially, moves to quash and set aside the return of the summons, and to dismiss the action for want of jurisdiction. Defendant contends that at the time of the service of the summons, it had no regular and established place of business within the Eastern Judicial District of Wisconsin.

Plaintiff formerly represented the defendant in Wisconsin, and in 1937 was succeeded by one Clark F. Mullens, upon whom the summons was served.

The defendant company pays the rent of the office used by Mr. Mullens, who describes himself as "District Manager" of the defendant. For several years last past, defendant has prepared for the trade, circulars describing their line of pumps and has caused some of these to have printed thereon "District Office—Viking Pump Company," giving the Milwaukee address and telephone number. The telephone company directory lists the defendant's name at the address of the office occupied by Mullens. Samples of pumps owned by defendant are kept on display at the Milwaukee Office. The filing cabinets and certain other equipment in the office are the property of the defendant. Mr. Mullens solicits orders for Viking Pumps and transmits these orders to the factory in Iowa for acceptance or rejection. Shipments are made direct from the factory in Iowa to the purchaser and collections are also made by the Home Office. No stock is carried at the Milwaukee Office except the display samples. Mullens has no authority to pass on credits or to bind the defendant by any contract.

Section 48 of the Judicial Code, 28 U.S.C.A. § 109, provides: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, ' shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The question is whether under the facts quoted, the defendant has a "regular and established place of business" in Milwaukee. If the answer is in the affirmative, then clearly the service of summons upon Mullens was "upon the agent engaged in conducting such business in the district in which this suit is brought." The decisions point out that there can be no general, all-embracing rule laid down to determine whether a ·corporation has a regular and established place of business in another State; that each case depends upon the state of facts involved. St. Louis Southwestern Railway Company of Texas v. Alexander, 227 U.S. 218, 227, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B, 77. It has been determined that the mere renting of an office and the solicitation of business in a foreign State is insufficient to subject the corporation to service of process. W. S. Tyler Company v. Ludlow-

Saylor Wire Company, 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808; People's Tobacco Company v. American Tobacco Company, 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537.

The following is quoted from Zimmers v. Dodge Brothers, D.C., 21 F.2d 152, 156: "As already pointed out, it is not any business activity which will constitute the necessary 'doing business.' Reference to adjudicated cases shows that quite generally it has been held that 'doing business' is not shown by the mere solicitation of orders through an employee, even though from an office employing in addition several clerks and agents, where a corporation has no property in the state other than the office itself, and where the corporation in the foreign district passes there upon whether the orders shall be accepted or not, and, if it does accept, deals directly with the customer; all transactions being completed out of the state where the orders are solicited, and where the agent does not have authority to bind the corporation. Green v. C. B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537. This is, of course, carrying on business of a certain kind and extent, but it is not the carrying on of business by the corporation in the foreign state 'in such a manner, and to such an extent, as to warrant the inference that it is present there.'" (Thereafter citing numerous cases)

The case of Wilson v. McKinney Mfg. Co., 9 Cir., 59 F.2d 332, is somewhat similar in its facts to the case at bar. In that case the corporation was engaged in the manufacture of hardware at Pittsburgh, Pa., and the person upon whom service was made had been the western representative of the company for six years, with an office in San Francisco. On the door of the office appeared the name of the manufacturing company which name was also carried in the telephone book. The San Francisco Office had samples for display, but no stock or warehouse supply was kept in that city; nor did this office have any part in the billing, shipping, or collecting the purchase price for goods sold by the company. The travel expenses, the office rent, and other incidental expenses of the San Francisco Office were paid by the Pennsylvania Company. All sales were billed from the Home Office and collections made therefrom. The court held that these facts did not establish that the corporation had a regular and established place of business in San Francisco so as to be subject to process in a patent infringement suit.

In the case of Root v. Samuel Cupples Env. Co., D.C., 36 F.2d 405, the court points out that plaintiff must establish something more than a mere finding that business was being done in the State in order to establish jurisdiction of the District Court under Section 48 of the Judicial Code. In this case the name of the defendant appeared on the office door occupied by the soliciting agent. The name of the company also appeared in the telephone directory, and on the building directory, and the soliciting agent was held forth by the company to be its "New York Agent"; and on circulars issued by the company appeared "New York Office, 50 Church Street."

Plaintiff cites the case of Cone v. New Britain Machine Co., 6 Cir., 20 F.2d 593, and while the court in that case held that the manner of solicitation of business through agents sent into the State, who were not permitted to conclude bargains, is not "doing business" in the State, yet the majority opinion held where the company as a part of its regular business had a mechanic call upon its customers and adjust their machines and give expert service thereon, that such additional duties constituted "doing business" within the State. Circuit Judge Denison gave a vigorous dissent in a very able opinion.

The case of International Harvester v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, is cited as authority for the contention of the plaintiff herein. However in that case the traveling salesmen of the Harvester Company did a great deal more than merely to take orders to be accepted outside of the State. The facts in that case show that the agents were authorized to receive money, checks or drafts from anyone who might owe the company money, and they were even authorized to take customers' notes. The facts in that case clearly distinguish it from the case at bar.

The burden of proof is on the plaintiff to establish the jurisdictional facts. Under the authority of the decisions hereinbefore quoted, no substantial part of the defendant's ordinary business was con-

ducted in Wisconsin; and, within the meaning of Section 48, defendant did not have a regular and established place of business in this judicial district.

■ We entirely agree with the statement of the court in Zimmers v. Dodge Brothers, D.C., 21 F.2d 152, 158: "The most that can be said to support the jurisdiction under the facts in this case is that it is extremely doubtful. In this situation, it is better that the parties be remitted to the district where there is no doubt as to the jurisdiction, before, rather than after, expensive and protracted litigation ·has been had. American Elec. W. Co. v. Lalance & Grosjean Mfg. Co. (D.C.) 256 F. 34, 37; General Elec. Co.,v. Best Elec. Co. (D.C.) 220 F. 347; Philadelphia & Reading R. Co. v. McKibbin, supra [243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710]."

An order may be entered quashing and setting aside the service of the summons, and dismissing this action.