### ERICKSON v. EMERSON et al.

District Court, S. D. New York.
July 7, 1941.

Joseph Melillo, of Hackensack, N. J., and O'Gorman & Mangan, of New York City, for plaintiff.

Drury W. Cooper, Jr., of New York City, for defendant Emerson.

KNOX, District Judge.

The motion of John H. Emerson to dismiss or quash the return of service of summons upon him, in the above entitled action, for lack of venue jurisdiction over him, must be granted. Admittedly, Emerson is a citizen and resident of the State of Massachusetts. Plaintiff is a citizen and resident of California. Among the wrongs alleged against defendant is a charge of infringement of certain patents belonging to plaintiff.

■ By reason of this latter charge, the attempt is made, pursuant to 28 U.S. C.A. § 109, to hold Emerson to accountability within this district. The proof tending to show that Emerson has committed an act of infringement within this jurisdiction is most unsubstantial. Indeed, if the matter were now to be resolved upon its merits, the conclusion on the record as it now stands, would be in favor of Emerson. But, upon the assumption that an infringement has here taken place, I am of opinion, in the light of W. S. Tyler Company v. Ludlow-Saylor Wire Company, 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 and Davega, Inc. v. Lincoln Furniture Manufacturing Company, 2 Cir., 29 F.2d 164, that Emerson can not properly be said to have a regular and established place of business within this district. Under the decision rendered in Endrezze v. Dorr Company, 9 Cir., 97 F.2d 46, plaintiff is under the duty of establishing, not only an act of infringement, but also the fact that defendant had a regular and established place of business here. This duty has not been discharged.

■ Emerson's representative within the Borough of Manhattan was a man named Stephenson. He, it is true, made use of the name of John H. Emerson Company, under which title Emerson carried on business. Such name appeared upon the building directory in which Stephenson maintained his office, and also in telephone, and other business directories. It appears, nevertheless, that Stephenson received no salary from Emerson. On the contrary, Stephenson sold Emerson's goods upon commission and, in addition, upon his own account, purchased Emerson's products, and then resold them to the trade at a higher price. The difference between the cost and the re-sale revenue was the source of Stephenson's income. He paid his own expenses and costs of doing business, and Emerson was without any obligation and responsibility in respect thereto. Without specific authority, Stephenson could bind Emerson to no contract whatever. On two occasions, he was authorized by Emerson to enter into advertising contracts. Beyond this Stephenson seems to have done little, if anything, that would indicate he was carrying on defendant's business as an agent, in such manner as would subject Emerson to the process of this Court.

Upon the case as now constituted, the service of process upon Emerson will be quashed, and, as to him, the complaint will be dismissed.

■ Plaintiff's cross-motion to the effect that the affidavits filed in support of Emerson's motion amount to an answer to the

complaint, and are the equivalent of a general appearance, is denied. The rule under which the Emerson motion was made provides: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c.