BULLDOG ELECTRIC PRODUCTS CO. v. COLE ELECTRIC PRODUCTS CO., Inc., et al.

No. 91.

Circuit Court of Appeals, Second Circuit.

March 30, 1943.

CHASE, Circuit Judge.

The plaintiff, a Michigan corporation, sued the defendants in the District Court for the Eastern District of New York for the infringement of nine patents it owned. The complaint was duly served upon the defendant, Cole Electric Products Co., Inc., a New York corporation whose principal place of business was in the Eastern District. That service was admittedly sufficient and that defendant is not a party to this appeal. The plaintiff served its complaint upon the defendant Westinghouse Electric & Manufacturing Company, a Pennsylvania corporation, by service upon the Secretary of the State of New York, that officer having previously been designated by that defendant in compliance with New York law as its agent upon whom all process might be served within the State of New York in any action or proceeding against the corporation. On motion of Westinghouse Electric & Manufacturing Company, appearing specially for that purpose, the court entered an order quashing the service of summons upon that defendant. This appeal is by the plaintiff from that order.

The following material facts appear by affidavits or otherwise and are not in dispute:

The Westinghouse Electric & Manufacturing Company, which will now be called Westinghouse for convenience, has its principal office in the State of New York in the Southern District of New York. It was alleged in the complaint that it had a regular and established place of business in the Southern District and there was no allegation that it had one in the Eastern District where this suit was brought. Westinghouse does maintain what is called its X-Ray Division in Long Island City, in the Eastern District where that kind of equipment is assembled, and it does not contend "on this appeal that defendant Westinghouse Company does not have a regular and established place of business in the Eastern District of New York."

The alleged infringement of the patents in suit was not connected with the business done by the X-Ray Division of Westinghouse. This is what happened: A salesman of Westinghouse attached to its Boston office sold some bus duct fittings to Defense Plant Corporation through Stone & Webster Corporation of Boston. They

Parker & Duryee, of New York City (Robert M. Benjamin, of New York City, and Barent Ten Eyck, of New York City, of counsel), for appellant.

Drury W. Cooper and Thomas J. Byrne, both of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

were for delivery to the Sperry Gyroscope Company of Brooklyn, N. Y. As was customary in handling such orders, this order was sent to the home office of Westinghouse at East Pittsburgh, Penn., for "acknowledgement and acceptance." That action was there taken and as Westinghouse did not manufacture such fittings it ordered them from defendant Cole Electric Products Co., Inc., of Brooklyn to be delivered by the latter to the Sperry Gyroscope Company in Brooklyn and billed to Westinghouse. The Cole Electric Products Co., Inc. accepted the order and delivered the accused fittings to the Sperry Gyroscope Company in Brooklyn. It billed Westinghouse for them at East Pittsburgh, Penn., and Westinghouse charged them to its customer.

As this suit is for patent infringement its venue, in the absence of a waiver and there has been none, is controlled by § 48 of the Judicial Code, 28 U.S.C.A. § 109. Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. That confines jurisdiction in such actions to the district court in the district of which the defendant is an inhabitant or to that in any district in which it has a regular and established place of business and has committed acts of infringement. The appellant is quite right, of course, in saying that Westinghouse, having designated an agent for the service of process upon it in New York, may be sued in the federal courts sitting in New York, at least where diversity is the ground of federal jurisdiction, notwithstanding the fact that it is there a foreign corporation. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. As Westinghouse also had a regular established place of business in the Eastern District of New York we will assume for the purposes of this appeal that it was as suable therein in a federal court as a New York corporation would have been. But it was clearly entitled to assert its right not to be sued there for patent infringement except when venue of the suit was as required by § 48, Jud.Code. Westinghouse could, therefore, successfully resist such a suit brought against it unless it was either (1) an inhabitant of the district, or (2) had infringed in the district, having there a regular and established place of business.

We may lay aside the first condition and take it for granted that a corporation is an inhabitant only of the state where it was chartered. Neirbo Co. v. Bethlehem Shipbuilding Corporation, supra, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. That leaves only the second alternative of which the part having to do with the maintenance of a regular and established place of business in the district is conceded by the appellee for the purposes of this appeal.

Whether venue was properly laid, therefore, comes right down to whether or not Westinghouse committed an act of infringement in the district. For this purpose we shall assume without deciding that the bus bar fittings delivered to the Sperry Gyroscope Company were so constructed that a sale of them would be an act of infringement as charged in the complaint. As the only possible act of infringement Westinghouse could have committed, so far as this record shows, was by selling the accused fittings, our next and final inquiry must be whether what it did was a sale of them in the Eastern District of New York.

It made a contract to sell them when it accepted the order in East Pittsburgh but that, of course, fell short of a sale in the Eastern District. They were future goods so far as Westinghouse was concerned when it accepted the order. N. Y. Personal Property Law, Consol.Laws c. 41, § 86 (1). Performance of that contract required delivery of the fittings in Brooklyn, N. Y., but not necessarily a delivery there by Westinghouse. Westinghouse might, for instance, cause delivery to be made by a common carrier by whom it shipped the goods to its customer from outside the district. In that event there would have been no infringement in the Eastern District. W. S. Tyler Company v. Ludlow-Saylor Wire Company, 236 U.S. 723, 35 S. Ct. 458, 59 L.Ed. 808; Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co., C.C., 116 F. 641. But when Westinghouse, instead, performed its contract to sell in the way above stated, it completed the sale in the Eastern District and there infringed the patent if a sale of the ducts was an infringement. This follows because as a matter of law the delivery by Cole to Sperry to fill the order Cole had accepted from Westinghouse was the consummation of a sale by Cole to Westinghouse and also the immediate completion of a resale to Sperry by Westinghouse to carry out the contract of Westinghouse to sell the goods

to Sperry. Birdsong v. W. H. & F. Jordan, Jr., 2 Cir., 297 F. 742. Our decision in Cutler-Hammer Mfg. Co. v. Curtis & Carhart, Inc., 2 Cir., 296 F. 117, is not contrary. The appellant there charged with infringement had but transmitted an order to a third party outside the district who had filled the order and completed the sale by shipping the goods to the appellant for delivery in performance of the third party's contract. The appellant never owned and never sold the goods so delivered but as stated in the opinion was only a conduit.

For the reasons given, we conclude that venue was properly laid in the Eastern District of New York and that the motion to quash the service of summons should have been denied.

Order reversed.