Southwick **W. BRIGGS** et al., Plaintiffs,

v.

**FRAM CORPORATION**, Defendant.

No. 65 C 1307.

United States District Court
N. D. Illinois, E. D.

June 27, 1967.

Walther E. Wyss, Mason, Kolehmainan, Rathburn & Wyss, Chicago, Ill., for plaintiffs.

Mary M. Shaw, Halfpenny, Hahn & Ryan, Chicago, Ill., for defendant, Fram Corp.

### MEMORANDUM AND ORDER

CAMPBELL, Chief Judge:

Defendant Fram (herein referred to as "Fram") has moved to dismiss or transfer this cause alleging improper venue, or assuming proper venue, to transfer the cause to the District of Rhode Island for the convenience of parties and witnesses, and in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

Venue in a patent infringement action is controlled by 28 U.S.C. § 1400 (b) which provides:

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The questions presented by the venue motion are whether defendant, within this district; (a) has committed acts of infringement; and, (b) has a regular and established place of business.

The sales promotion and solicitation efforts of Fram's eight salesmen and the occasionally physical delivery of accused filters to customers are sufficient to

constitute "infringing sales" and an act of infringement within the meaning of § 1400(b). (Union Asbestos and Rubber Co. v. Evans Products Co., 7 Cir., 328 F.2d 949.)

Fram is a large manufacturing company whose net sales in 1964 exceeded 54 million dollars. One of the company's fourteen sales zones is located in this district, and has been located here since at least 1952. This office has produced gross sales in excess of $671,000 in a single year. Fram pays all the expenses of the zone sales office, including secretary's wages, telephone, telegraph and other office expenses and insurance. Six district sales managers and two engineers, all full time employees of Fram, work out of the zone office. The corporate name appears in both alphabetical and classified telephone directories here. Fram also maintains a second office within the district at Glen Ellyn, Illinois. Two salesmen rent this second office and are reimbursed by Fram.

The facts as recited above clearly establish that Fram has a regular and established place of business within this district. The business activities conducted by Fram in this district are more significant, substantial and permanent in nature than those of the defendants in the cases cited by Fram, specifically Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808; Knapp Monarch Co. v. Casco Products Corp., 7 Cir., 342 F.2d 622; Knapp Monarch Co. v. Dominion Electric Co., 7 Cir., 365 F.2d 175; and General Radio Co. v. Superior Electric Co., 1 Cir., 293 F.2d 949.

Defendant Fram's motion to dismiss or transfer for improper venue is denied.

I find no reason to disturb plaintiff's choice of forum and grant defendant's motion to transfer this case pursuant to 28 U.S.C. § 1404(a) to the District of Rhode Island. On the contrary, I believe the interest of justice commands that the case be tried here. There are presently six cases consolidated before me involving an alleged infringement of the same patent. It would be absurd to require plaintiffs to try four or five cases here and one or two similar suits elsewhere.

The motion of defendant to transfer this case to the District of Rhode Island is denied.