# BUSH *v.* UNITED STATES.

*(Circuit Court, D. Oregon.* October 2, 1882.)

1. BILL OF REVIEW.

   A bill of review is a proceeding in the nature of a writ of error, and it may be brought to modify or reverse a decree given in a suit in equity in favor of the United State for errors apparent upon the face thereof.

2. SAME—SERVICE OF SUBPŒNA IN.

   Upon a bill of review to correct a decree given in favor of the United States, the subpœna to appear and answer may be served on the district attorney.

3. QUI TAM ACTION UNDER SECTIONS 3490-3493 OF THE REVISED STATUTES.

   In an action brought by an informer upon sections 3490-3493 of the Revised Statutes, to recover damages and forfeitures for collecting false claims from the treasury, the person who sues represents the United States therein, and also in all suits and proceedings brought or taken in aid of an execution, or to enforce the judgment therein, and is entitled to control the same.

Bill of Review.

*George H. Williams,* for plaintiffs.

*James F. Watson,* for defendant.

DEADY, D. J.   On August 1, 1882, the plaintiffs filed in this court a bill of review, to procure, as to them, the modification of a final decree of this court, given in the case No. 356 of the *United States* v. *William C. Griswold and others,* including said plaintiffs, and signed and enrolled on August 12, 1881, for error apparent upon the face thereof.   The bill of review states that on January 29, 1880, the amended bill was filed by the United States in the original suit, and sets it forth in full.   From this, among other things, it appears that on May 27, 1877, the United States, by B. F. Dowell, informant, brought an action against W. C. Griswold, under sections 3490 and 5438 of the Revised Statutes, to recover certain damages and forfeitures for knowingly collecting from the treasury of the United States, on January 11, 1879, false claims to the amount of $17,000, in which, on July 30, 1879, the plaintiff obtained judgment for $35,228, and costs and disbursements amounting to $2,821.60; that said Griswold, at the date of such judgment, was the owner of certain real property situated in Salem, Oregon, including the west half of lots 1, 2, 3, and 4, of block 73, and lot 8, in block 10, which had been illegally sold and purchased by the plaintiffs herein, upon certain judgments held by them against said Griswold, contrary to the priority of the United States, and asked to have said proceedings set aside

and the property sold, and the proceeds applied upon the aforesaid judgment of the *United States* v. *Griswold.*

By the final decree it was provided, so far as the plaintiffs herein are concerned, that the property aforesaid should be sold by the master of this court, and the proceeds applied, first, to the satisfaction of the plaintiffs' liens thereon, and the remainder, if any, upon the judgment of the United States. In the bill of review it is alleged that the United States had no right to priority of payment out of this property, and therefore the decree, so far as it provides for its sale and the disposition of the proceeds is erroneous. On August 2d, the subpœna issued upon the bill of review was served on Mr. James F. Watson, the United States district attorney, together with a copy of the bill, and a notice from the plaintiffs to the effect that the bill had been filed for the purpose, so far as they are concerned, of procuring a reversal of the decree of August 12, 1881, and requiring him "to appear and answer said bill on the first Monday in September, 1882, or judgment thereon will be taken for the want of an answer." On September 4th the district attorney filed a motion to dismiss the bill for the reasons following: (1) That the United States "cannot be sued herein without its consent," and that it has not nor does not consent "to be made a party herein;" (2) no process has or can be served on the United States by which it has been or can be "brought as a defendant into this court;" and (3) this court neither has nor can acquire "jurisdiction over the United States herein." The motion to dismiss has been argued by counsel without any question being raised as to this mode of making the objection to the jurisdiction of the court.

It is well understood that the United States cannot be sued unless with its own consent, and that it has not given such consent except in a few instances, of which this is not one. *U. S.* v. *Eckford*, 6 Wall. 487. But an auxiliary or supplemental proceeding against the United States, growing out of an action instituted by it, is not generally considered a suit against the United States in that sense. Therefore a writ of error to reverse a judgment obtained by the United States may be sued out and prosecuted by the defendant therein. The proceeding by this writ, though technically a new action brought to set aside the judgment in the old one, and it may be to recover what was lost by it, is nevertheless regarded from this stand-point as one in which the United States is not thereby brought into court to answer the claim of the plaintiff in error without its consent, but rather one by which it is continued in court for the purpose of con-

testing the allegations of error in an action voluntarily instituted there by itself. Now, a bill of review, particularly as in this case, when it is brought for error in law apparent upon the face of the decree, is in the nature of a writ of error. Story, Eq. Pl. § 403 *et seq.* Indeed, the former has the same scope and purpose in a suit in equity that the latter has in an action at law,—"to procure an examination and alteration on a reversal of a decree made upon a formal bill" between the same parties. Id. § 403. No case has been cited by counsel in which this question has been directly considered.

*U. S.* v. *Atherton*, 102 U. S. 372, was a suit to set aside a decree of the district court of California confirming a claim, under the act, for the settlement of private land claims in that state. But this decree was given upon a bill of review brought by the grantee of the claimant against the United State four years after the court had, by a former and first decree, rejected the claim. No question seems to have been made as to the jurisdiction of the district court to give a decree upon a bill of review against the United States, and Mr. Justice Miller, in the consideration of the case, said: "It is not denied by counsel, nor can it well be doubted, that the district court had jurisdiction, by bill of review, to set aside and correct the former decree."

In the cases of the *U. S.* v. *McLemore*, 4 How. 287, and *Hill* v. *U. S.* 9 How. 386, it was held that the defendant, in a judgment obtained by the United States, could not maintain a suit to enjoin the latter from enforcing the same, upon the ground that the United States could not be sued without its consent. But in the subsequent case of *Freeman* v. *Howe*, 2 How. 460, it was held that "a bill filed on the equity side of the court to restrain or regulate judgments or suits at law in the same court, and thereby prevent injustice or an inequitable advantage under mesne or final process, is not an original suit, but auxilary and dependent, supplementary merely to the original suit out of which it had arisen, and is maintained without reference to the citizenship or residence of the parties."

This statement of the law seems to be in conflict with the ruling in the cases of the *U. S.* v. *Lemore* and *Hill* v. *U. S. supra;* for if the court has jurisdiction of such auxiliary suit without reference to the citizenship or residence of the parties, it must be because, having acquired jurisdiction of the subject-matter and the parties in the original suit, it does not thereafter lose it because, at some subsequent stage of the litigation before it, the exigency of its legal procedure requires the parties to change position as plaintiff and defendant.

And with like reason, if the court acquires jurisdiction in an action in which the United States is plaintiff, it must retain that jurisdiction so long as the litigation may properly be continued before it according to the usual course of procedure therein. True, the United States is a sovereign and cannot be sued in its own courts without its consent, but when it elects to go into court as a suitor, it must submit to the usual course of procedure therein; at least, so far as may be necessary to enable the defendant to maintain his rights.

A bill of review is an established mode of proceeding in a court of equity by which the defendant may have a decree given against him reviewed for errors upon its face by the court that pronounced it. It is only a more formal mode of rehearing the case, and is an incident of the original suit. When called upon to answer such a bill the United States is not sued in any proper sense of the term, but only to show why a decree which it has obtained against the plaintiff, that is alleged to be erroneous and unjust, shall not be modified or reversed. My conclusion is that the plaintiffs may maintain this bill to review the decree against them, and the next question is, how shall the United States be served with the subpœna or notified of the proceeding? Being a body politic, service must be made upon some natural person for it. In the absence of any statute upon the subject, all considerations of fitness and convenience point to the district attorney as the proper person.

In Conkling's Treatise, 687, it is stated that in the case of a writ of error against the United States, the citation must be served upon "the district attorney, for the time being, of the district in which the judgment was rendered."

In *U. S.* v. *McLemore* and *Hill* v. *U. S. supra,* the district attorney appeared and answered, but whether in obedience to a subpœna or notice, does not appear.

In the English chancery, in the case of a bill to stay of proceedings at law or a cross-bill, if the plaintiff in the action at law or the original bill was "abroad"—beyond seas—the practice was, upon motion of the plaintiff, to order service of the subpœna to be made upon the attorney for his absent client. 1 Smith, Ch. 116, 605. And, *ex necessitate rei,* the same practice prevails in the national courts when the plaintiff in the action at law or the original bill is a non-resident of the state where the court is held and cannot be served personally therein. Conk. Treat. 181; *Segee* v. *Thomas,* 3 Blatchf. C. C. 15; *Kamm* v. *Stark,* 1 Sawy. 550, and cases there cited.

But when the United States is the party to be served, it being

known that it cannot be served personally at any place, I think the process may be served on its attorney at once, without any previous direction from the court. My conclusion is that the service of the subpœna to appear and answer upon the attorney for the United States is proper and sufficient.

A question was made in the course of the argument as to who is the attorney of the United States in this case. The judgment in the action at law to recover the damages and forfeiture under sections 3490–3493 of the Revised Statutes is the foundation of this litigation. That action was brought by B. F. Dowell in the name of the United States, as well as for himself as it, and at his own expense. The statute authorizing him to bring it gave him the sole control of it, except that he could not dismiss it without the consent of the judge and the district attorney. In effect, this made him the representative of the United States, so far as that litigation is concerned. The subsequent suit in equity to subject certain property of the defendant in that action to the satisfaction of the judgment therein, was an incident of such action. It was brought in the name of the United States, apparently by the district attorney,—at least, the bill is signed by him as such,—and it is not alleged therein that B. F. Dowell sues for himself and the United States, or in anywise. The bill is also signed by Dowell, as solicitor for the United States.

Both Dowell and the United States are interested in the judgment obtained in the action at law—one-half the principal and all the costs belonging to the former. He also has the right, I think, to institute and control all proper suits and proceedings in the name of the United States to enforce such judgment for their joint benefit. His signature to the bill, as solicitor, is an assertion that he is acting as attorney for the United States in the premises; but being there in company with, if not in subordination to that of the district attorney, may be construed to be an admission that he consents to the United States conducting or joining in the conduct of the suit by its ordinary attorney—the attorney for the district of Oregon. Upon this theory of the case the United States has two attorneys in the suit, wherein the decree is sought to be reviewed by this bill—the ordinary one and a special one; and it may be that both ought to be served with the subpœna. But as the district attorney must have come into the case with the consent of, if not at the solicitation of, Dowell, I think he may be considered, for the time being, as the attorney for both Dowell and the United States.

The motion to dismiss is not allowed.