### UNITED STATES v. DWIGHT MFG. CO.

(District Court, D. Massachusetts. May 4, 1914.)

No. 254.

1. ABATEMENT AND REVIVAL (§ 5*) — PENALTIES (§ 38*) — ANOTHER ACTION PENDING—ACTIONS FOR PENALTIES.

Under Immigration Act Feb. 20, 1907, c. 1134, § 5, 34 Stat. 900 (U. S. Comp. St. Supp. 1911, p. 503), allowing a penalty for the importation of a contract laborer to be recovered by the United States or by any person who should first bring an action therefor, a suit by an individual, while it was pending, would prevent an action by any other person, including

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the United States, for the same violation, and a judgment in such suit on the merits would finally bar every. suit by any other party.

[Ed. Note.—For other cases, see. Abatement and Revival, Cent. Dig. §§ 27–30, 99–104; Dec. Dig. § 5;* Penalties, Cent. Dig. § 40; Dec. Dig. § 38.*]

2. ABATEMENT AND REVIVAL (§ 15*)—ACTION TO ENFORCE PENALTY—PENDENCY OF ANOTHER ACTION.

Where a demurrer to the declaration by an individual to recover such penalty was sustained without leave to amend, but the individual never instituted another suit to recover the penalty, as he might have done, the statute does not prevent another suit by the United States or by any other person, the first suit not being an action for the penalty in the sense contemplated by the statute, since the declaration did not clearly allege any violation thereof.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 111–117; Dec. Dig. § 15.*]

3. PENALTIES (§ 38*)—CONCLUSIVENESS—JUDGMENT ON DEMURRER.

Nor was such judgment res judicata as to the defendant's liability to the United States for the amount of such penalty.

[Ed. Note.—For other cases, see Penalties, Cent. Dig. § 40; Dec. Dig. § 38.*]

4. LIMITATION OF ACTIONS (§ 35*)—ACTIONS FOR PENALTIES UNDER IMMIGRATION LAW.

Neither Rev. St. § 1044 (U. S. Comp. St. 1901, p. 725), limiting prosecutions for the commission of offenses not capital, nor Rev. Laws Mass. c. 202, § 5, limiting actions for the enforcement of penalties, applies to suits for the penalty for importing an alien contract laborer under Immigration Act Feb. 20, 1907, c. 1134, § 5, 34 Stat. 900 (U. S. Comp. St. Supp. 1911, p. 503).

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 109, 158–167; Dec. Dig. § 35.*] ·

Action for penalty by the United States against the Dwight Manufacturing Company. On demurrer to the defendant's answer. Demurrer sustained.

See, also, 210 Fed. 85.

Asa P. French, U. S. Atty., of Boston, Mass., and Wm. H. Garland, Sp. Asst. Atty. Gen., of Boston, Mass., for the United States.

Charles F. Choate, Jr., of Boston, Mass., for defendant.

DODGE, Circuit Judge. Since the opinion herein dated November 19, 1913, permitting amendment of the declaration and overruling the defendant's demurrer to it as amended, the defendant has answered the declaration, and the government has demurred to certain portions of this answer.

1. The defendant has pleaded in bar the judgments of this court in its favor in two suits brought against it in 1910 by one Uppercu. These suits were, like the present suit, brought under section 5 of the Immigration Act, and the alleged violations of that act, for which penalties were claimed, were· alleged to have been committed with regard to alleged contract laborers and upon .dates identical with some of those specified in the· present declaration.

In order to hold that those judgments constitute a bar to the present suit, so .far as it claims penalties for the same violations of the act as were relied on by ·Uppercu, it is necessary to hold that during

the entire period, beginning with the entry of the judgments referred to and continuing until every right to sue for and recover such penalties should have expired by limitation, Uppercu, and Uppercu alone, possessed the right to sue for and recover them, so that no action for them by the United States or by any other person would lie.

[1] Uppercu was the first person to sue for them, and the bringing of his suit no doubt made him, under section 5, the sole person then entitled to recover, so that there remained no right of action for them in any one else during the pendency of his suits. No doubt, also, had his suits, after trial upon the merits, resulted in final judgment for the defendant, such judgments would have finally barred every suit to recover them by any other party.

[2] Those suits, however, were never heard upon their merits. It was held upon demurrer that neither declaration stated a cause of action under the act, leave to amend was denied, and Uppercu has never brought any other suit. The judgment was not, in its scope and character, such as would necessarily have barred a subsequent suit by him upon a sufficient declaration, nor such as would have barred a subsequent suit by any one else. It established, at most, as to any other party, only the fact that Uppercu had been the first person to bring an action.

I am unable to adopt that construction of section 5 which obliges me to hold impossible the maintenance of any suit subsequent to this judgment by any party other than Uppercu. The defendant's argument to that effect is undeniably forcible, and it is founded upon a careful research into the history and nature of popular actions which deserves high praise. Notwithstanding it, the conclusion that the mere bringing of an action by the first person to sue under section 5 must permanently divest all other parties of any possible title to the chose in action, so as to leave the recovery of all penalties to which his suit may have had reference subject to his sole control, without regard to the nature or outcome of his suit, does not seem to me established with that degree of certainty which such a conclusion demands.

If, as here, it turns out that the first action brought was not such an action as could accomplish recovery of the penalties claimed, even though they had been incurred, I see no conclusive reason why its final determination by a judgment to that effect should not open the field for the application of section 5 as if no recovery had ever been attempted under it.

I agree with the defendant, and assume that the statute contemplates but one recovery of one penalty for each violation of its provisions, and that the United States stands, for its purposes, just as does "any person" referred to in section 5.

If, after the United States had brought this suit, Uppercu had brought a second suit to recover penalties from this defendant, appearing to be for the same violations of the act as those which he attempted to charge in his first suit, it does not seem to me that he could compel the court, by means of what appeared from the record in his first suit, to regard him, for the purposes of his second suit,

as the "person who shall first bring his action therefor" in the sense intended by the statute. The first suit, not having really alleged any violation of the statute, ought not to be regarded as an "action therefor" such as the statute contemplates.

If this construction of the statute is right, the defendant could not be placed in the position of having to pay two penalties for the same violation.

[3, 4] 2. The remaining defenses asserted in the portions of the answer demurred to are: (1) That the defendant's liability for these penalties is res adjudicata as against the United States because of the judgments in the Uppercu suits; and (2) that the present suit is barred either by the limitations prescribed in Rev. St. U. S. § 1044 (U. S. Comp. St. 1901, p. 725) or in Rev. Laws Mass. c. 202, § 5. Neither of these defenses is, in my opinion, maintainable. I am unable to consider the government's right to sue as affected by the judgments referred to otherwise than as above. The statutory limitations relied on I consider inapplicable to suits under section 5 of the Immigration Act.

The demurrer is sustained as to those portions of the answer to which it applies.