**REAL SILK HOSIERY MILLS, Inc., v. PHILADELPHIA KNITTING MILLS CO.**

**No. 4467.**

Circuit Court of Appeals, Third Circuit.

Dec. 5, 1930.

The opinion of Judge Dickinson in the District Court is as follows:

Under the practice formerly followed in Pennsylvania, the only remedy of a defendant upon whom a return of service of a writ had been made was through an action against the sheriff for a false return. The defendant was not permitted to deny the facts upon which the return of service was made. Of late years, however, the courts, in relief of the officer whose duty it was to serve the writ, have through progressive steps reached a stage in which the facts upon which the service rests may be found by the court.

The facts averred in the return include an office of the defendant maintained for and the doing of business within this county, the service there upon the person in charge, inquiry at the office not disclosing a residence within the county of any officer of the com-

pany. The facts of the maintenance of an office and that the person served was in charge thereof are formally denied in the petition supporting the rule taken, but are reaffirmed in the answer filed. The real facts were developed through depositions taken in support of the rule. It was admitted in the argument at bar that the real fact situation is, in substance, as follows:

The defendant is a corporation existing under the laws of Illinois, with main offices in Indianapolis, Ind. The defendant is a manufacturer, but markets its product by sales to those commonly called the ultimate consumer. Many of these customers are situate in the city of Philadelphia. To reach them, an office is maintained in an office building announced by the usual door sign to be the office of the "Real Silk Hosiery Mills, Inc., of Indianapolis." This sign gives the corporate name of the defendant. The office is supplied with stationery carrying the letterhead of the defendant corporation, with the added designation of "Philadelphia Office." The directory of the telephone company carries as subscriber the defendant corporation with its room number in the office building mentioned. The person upon whom the writ was served carries the title of a general manager of the defendant corporation in charge of the Philadelphia office.

The defendant's denial of the facts stated in the return was not intended to be a denial of these evidentiary facts, but of the ultimate fact inference that the defendant maintained an office in Philadelphia county within the meaning of the service acts. The defendant is not registered as a foreign corporation doing business in Pennsylvania.

The real position of the defendant in opposing the effort of the plaintiff is disclosed in a statement of how its business is conducted. It claims that it sells its manufactured product direct to the user by a sale made from its office and warehouse in Indianapolis. It employs a large number of so-called solicitors who go from door to door in Philadelphia and elsewhere soliciting orders for hosiery. All such orders are taken by the solicitors subject to confirmation of the solicited purchase by the home office in Indianapolis and its approval. The solicitors make no deliveries, although they do carry with them samples of what they have for sale, and the purchaser buys by these samples. The product which the solicitors use as samples is a part of their soliciting outfit and under their arrangement with the defendant paid for by the solicitors. These solicitors are under the general direction of what the defendant calls a branch sales manager. This manager conducts an independent business of his own, in that his compensation is on a commission basis, and he locates his office so as to suit his convenience and that of the solicitors under him. The solicitors when they secure an order collect from the proposed buyer a sum which is equal to the commission which is ultimately to be paid by the defendant. The order when obtained is reported to the branch sales manager and by him transmitted to the main office of the defendant in Indianapolis. If approved, the purchased goods are shipped C. O. D. to the buyer; credit on account being given him for what he has paid to the solicitor. The expense of furnishing the office, telephone, advertising, bills, and all others incurred by the office are paid by the branch sales manager. Whether this includes rent does not appear.

For whatever it may be worth, it may be stated that the aggregate of the business within what is called the Philadelphia district is about $200,000, and that done within the county of Philadelphia about $115,000, the latter being approximately three-fifths of 1 per cent. of the money value of business done by the defendant. The practical features of the effect of where a case against this defendant is tried are that it is of course convenient to the defendant to have cases against it tried in its home town, and, on the other hand, it would be a hardship upon Philadelphia suitors to send them to Indiana to have their cases tried. Each must, however, abide by the law of service. This case originated in the state court of Philadelphia county. Independently of this, a service which would be good under the state law would be good service upon a defendant in a United States court.

The Pennsylvania Act of April 8, 1851, P. L. 354, § 6 (12 PS § 1310), provides that in the case of a corporation the writ may be served upon certain designated officers of the company or upon any of its directors or upon any agent of the company within the county. It applies, however, only to such corporations as have an agency or transact business within the jurisdiction of the court.

A ruling case is that of Shambe v. Delaware & H. R. Co., 288 Pa. 240, 135 A. 755, 758. The essence of the ruling in this case is that in any particular case the fact situation must show "that the essential requirement of jurisdiction has been complied with." The fact situation in the cited case was that the defendant railroad company did no more

than solicit business in Pennsylvania, although it maintained an office from which the efforts to get the patronage of shippers might be conducted.

To bring the instant case four square with the cited case, all which is done by the defendant here would be to solicit patronage. In a substantial sense this is nothing more than advertising, because all that is done is to endeavor to induce those solicited to give their patronage. It is evident that in the case at bar much more than this is done.

The cases of Lobb v. Pennsylvania Cement Co., 285 Pa. 45, 131 A. 725, and Kraus v. American Tobacco Co., 284 Pa. 569, 131 A. 487, illustrate the distinction between mere efforts to induce patronage and acts which are a doing of business.

In a case between a plaintiff, which we assume to be this defendant, against the city of Portland, 268 U. S. 325, 45 S. Ct. 525, 69 L. Ed. 982, the city had attempted to impose a license fee or tax upon such solicitors who are there called "salesmen," which was held to be unlawful because in restraint of interstate commerce. This case has been cited to us in support of a denial of the service of process upon this defendant. The ruling is based upon a different principle than that of service of process.

The thought which we have in mind is emphasized in International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479. Nor are we able to follow the thought that the volume of business done or its relation to the volume of all the business done by a defendant affects the question to be here ruled. This was not the thought which is expressed in Delaware & Hudson Railroad Case. The thought there was that an isolated single transaction, although one of purchase and sale, would not be a doing of business within the meaning of the act of 1851. This is a wholly different thought from that of the existence of the business done. If, for illustration, a corporation establishes a place of business in Pennsylvania for the purpose, without doubt, of doing business here, service upon such a corporation might be made after its first sale transaction. The plaintiff in such a case would not be bound to wait until the business done had reached a volume which could be expressed by a large sum of money. It may be that service in a state case, which has been removed to a United States court, is open to attack here; yet the question of service is in one sense a question under the state law. We in consequence owe a deference to a ruling of the state court, and such ruling supporting the service here has been made by the state court.

Without extending the discussion, we think that the principle which determines whether a particular defendant is or is not subject to the service of process in Pennsylvania is that expressed in the Delaware & Hudson Case. This principle is that "each case must depend on its own facts."

The rule to set aside service is discharged.

Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa. (Philip W. Amram and Gordon A. Block, both of Philadelphia, Pa., of counsel), for appellant.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa. (Thomas P. Mikell, of Philadelphia, Pa., of counsel), for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and KIRKPATRICK, District Judge.

PER CURIAM.

The decree is affirmed on the opinion of Judge Dickinson.