## UNITED STATES ex rel. Meyer SALZMAN v. SALANT & SALANT, Inc.

District Court, S. D. New York.

July 1, 1938.

Alexander Savanuck, of New York City, for plaintiff.

Stein & Salant, of New York City (Louis Salant and Joseph J. Cunningham, both of New York City, of counsel), for defendant.

PATTERSON, District Judge.

■■ An informer's action under sections 3490–3494 of the Revised Statutes, 31 U.S.C.A. §§ 231–235, may be maintained where the defendant has violated section 5438, 18 U.S.C.A. §§ 80, 82–86, as that section read when it was adopted by reference into section 3490. United States ex rel. Kessler v. Mercur Corporation, 2 Cir., 83 F.2d 178. As section 5438 stood at the time of the enactment of section 3490 it

forbade the presentation of false claims against the government or any department or officer thereof, and it also forbade any agreement, combination or conspiracy to defraud the government or any department or officer thereof by obtaining allowance of false claims. It further forbade certain acts relative to the military or naval services, but these provisions may be disregarded for present purposes. It follows that this action may be maintained only if the false claims alleged to have been made by the defendant were claims against the government or a department or officer thereof.

The Red Cross is not a part of the government, nor is it a department or officer of the government. It is an incorporated association created by act of Congress, for the purposes mentioned in the act. In no sense are its funds the property of the government. In acting under the Joint Resolution of February 11, 1933, 47 Stat. 799, the Red Cross did not become part of the government or a department or officer of the government. Under the terms of the Joint Resolution, it merely received a donation from the government and administered it for the purpose specified. The facts set forth in the complaint and taken as true in considering a motion to dismiss for insufficiency, while sufficient to show that the defendant made fraudulent claims against the Red Cross and thereby obtained money, utterly fail to show that the defendant did any of the acts forbidden in section 5438. Even if the informer were correct in urging that the Red Cross while acting under the Joint Resolution should be deemed an agency of the government, the presentation of false claims to such an agency and the obtaining of money on them would not be the foundation of an informer's action under the Revised Statutes. A corporation which is an agency of the government is not the government or a department or officer of it. See United States ex rel. Gilchrist v. American Cotton Cooperative Association,[1] decided by Judge Knox, May 20, 1935.

It is true that there are allegations in the complaint to the effect that the Red Cross is an arm or department of the government, that the Red Cross in acting under the Joint Resolution was an agent of the government, and that the defendant in presenting statements and vouchers to the Red Cross presented them to a department of the government. These are conclusions of law, wholly unwarranted by the statutes relative to the Red Cross and not admitted to be true on demurrer or motion to dismiss the complaint for insufficiency. Pennie v. Reis, 132 U.S. 464, 10 S.Ct. 149, 33 L.Ed. 426; Newport News, etc., Co. v. Schauffler, 303 U.S. 54, 57, 58 S.Ct. 466, 82 L.Ed. 646.

The complaint does not state a cause of action. The defendant's motion for judgment on the pleadings will be granted.

---

[1] No opinion for publication.