**CARPENTER v. PRENTICE-HALL, Inc.**
**No. 891.**

District Court, W. D. Pennsylvania.

Aug. 14, 1941.

On Reargument Nov. 18, 1941.

Edward A. Montgomery and Wm. B. Jaspert, both of Pittsburgh, Pa., for plaintiff.

Louis Caplan and Sachs & Caplan, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, Judge.

We heard this case on defendant's motion to dismiss action or quash return of service of summons.

This suit, as originally filed, named defendant as a Delaware corporation. Plaintiff then filed an amended complaint naming defendant as a New York Corporation. An additional summons was issued which was served on John J. Athana as resident agent of the corporation in this District. The Marshal's return of service reads:

"I hereby certify and return that on the 16th of August, 1940, I received the within summons in civil action and complaint and served same on the therein-named, Prentice-Hall, Inc., by handing to and leaving a true and attested copy thereof with J. Athana, resident agent at his office, room # 3222 Grant Building Pittsburgh, Pa., in said District on the 16th day of August, 1940."

The motion to quash is accompanied by an affidavit of Athana, stating he is employed by defendant solely on a commission-basis for the purpose of soliciting orders for business for defendant, a New York corporation, which orders, when received, are forwarded to the New York office of defendant; and if accepted, are filled from New York; that he is not an officer, director, or agent of defendant for receiving on accepting service of legal process; that defendant does not maintain an office in Pittsburgh for transaction of business; and that the offices at No. 3222 Grant Building in Pittsburgh, where service of process in this case was made on him, is an office where he receives telephone calls on an agreement made by himself personally, and is not the office of defendant. Also in like tenor is the affidavit of Vincent C. Ross, which accompanies the motion to quash.

The plaintiff filed a counter-affidavit in which he alleges that defendant maintains a listing in the Pittsburgh Polk City Directory as follows:

> "Prentice-Hall, Inc. J. J. Athana, Rep. Tax Services, 3222 Grant Building"

and a further listing

> "Athana, John J. (Ruth A.) Rep. Prentice-Hall, Inc. h. 183 Morrison Drive Apt. 6 (M. L.)"

Pittsburgh Telephone Directory of 1940–1941 also lists defendant as:

> "Prentice-Hall, Inc. Grant Building, Atlantic 0842"

That the Grant Building directory located on the main floor thereof lists Prentice-Hall, Inc., in Room 3222, and Athana in the same room. This listing is also shown on the 32nd-floor directory.

In addition, the parties, on July 8, 1941, filed a stipulation which reads as follows:

"It is hereby stipulated by and between counsel for the plaintiff and counsel for the defendant, as follows;

"John J. Athena has in two or three isolated instances, at the request of the New York office of the defendant, called on delinquent accounts of the defendant and inquired of such accounts as to whether they had some complaint in regard to the defendant's service. On one or two of such occasions checks have been tendered to Mr. Athena intended for the defendant, which Mr. Athena has accepted and forwarded to the defendant. It is not within the scope of Mr. Athena's employment by the defendant to make collections for the defendant; Mr. Athena's duties are solely those set forth in his affidavit heretofore filed herein by the defendant, namely, soliciting orders for the defendant on a commission basis and forwarding them to the defendant's New York office for acceptance or rejection."

Under the Federal Copyright Act, suits for infringement may be brought "in the district of which the defendant or his agent is an inhabitant, or in which he may be found." Title 17 U.S.C.A. § 35.

The question for determination is whether or not Athana is an agent of the defendant within the meaning of this statute. Upon the affidavits and stipulation filed in connection with the motion to quash, I am of the opinion that he is. See Real Silk Hosiery Mills, Inc., v. Philadelphia Knitting Mills Co., 3 Cir., 46 F.2d 25; Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corporation, D.C., 31 F.Supp. 403.

The motion to dismiss the action or quash return of service of summons will be denied.

### On Re-Argument of Defendant's Motion to Quash Service of Summons.

The motion to quash service of summons was argued before this court on July 11, 1941. Our opinion on the motion was filed on August 14, 1941, in which we held that the motion should be denied. The defendant moved for a re-argument on the ground that we found in our opinion the defendant maintained listings in the Pittsburgh Polk Directory and in the Grant Building Directory at Pittsburgh, when, as a matter of fact, such was not the case, and that those listings were made by J. J. Athana on his own account and on his own responsibility; and that no payment therefor was made by defendant, as shown by an affidavit of Vincent C. Ross filed by plaintiff in this case in the Clerk's Office on August 11, 1941, with the consent of the defendant.

We did not have this affidavit before us when we wrote our opinion filed herein on August 14, 1941. Accordingly we set this case down for re-argument and heard it again, not only with respect to the affidavit of Ross filed August 11, 1941, but fully with respect to all phases of the case.

Our conclusion is that we erred in holding the service on Athana to be a valid service upon the defendant. Our present view is that the duties of Athana were the solicitation of orders for defendant on a commission basis, and forwarding them to defendant's New York office for acceptance or rejection (See stipulation of parties filed July 8, 1941, quoted in our opinion of August 14, 1941). That in itself is not sufficient to constitute "doing business" within a state. Green v. Chicago, Burlington & Quincy Railroad Company, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; International Harvester Co. v. Com. of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808.

In the instant case, it appears that Athana, in two or three isolated instances, at the request of defendant, called on delinquent accounts of defendant and inquired if they had some complaint in regard to defendant's service; that on one or two of such occasions, checks were tendered to Athana for defendant, which he accepted and forwarded to defendant.

The defendant maintains no office in this District, and has not listed its name in the telephone directory, nor the office directory of the Grant Building where Athana has office space with a firm of lawyers. Those listings were made by Athana and were not authorized or maintained by defendant. These additional facts do not, in our opinion, make the defendant liable to service of process within the state. Even had the defendant paid for the office space occupied by Athana in the Grant Building in Pittsburgh, that would not have been sufficient to warrant a finding that defendant had a regular established place of business there. W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458,

712

59 L.Ed. 808. Nor does the fact that Athana, on two or three isolated instances, called on delinquent accounts of defendant in this district, constitute doing business here. It was not shown that Athana was paid for doing this service for defendant. Such sporadic acts would not constitute doing business in this district. Davega, Inc., v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164.

On further consideration and study, we believe the case of Real Silk Hosiery Mills, Inc., v. Philadelphia Knitting Mills, 3 Cir., 46 F.2d 25, presents facts differing from the instant case. There service was made on the general manager of the defendant in charge of the Philadelphia office; the company had solicitors who worked under that general manager; their orders were reported to him, and by him transmitted to the home office; those solicitors collected cash deposits from their customers. This resident general manager was therefore the Real Silk Hosiery Company's representative on the ground, to whom the solicitors reported. In that case the service was on the managing agent of the Silk Hosiery Company. In the instant case, service was on a solicitor. We therefore conclude that the facts of the Silk Hosiery Company are different from those of the instant case, and do not control it.

The case of International Harvester Company v. Com. of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, is another case cited in support of plaintiff's contention that service on Athana was valid service on defendant; but the facts in that case are different. In the Kentucky case, the agents not only solicited orders, but could receive money, checks and drafts, and were authorized to receive notes payable in Kentucky; while in the instant case, Athana was a mere solicitor for defendant with no such authority.

On further review of the case of Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corporation, 31 F.Supp. 403, I find that Judge McVicar of this court found the facts of that case to correspond with the facts in Real Silk Hosiery Mills, Inc., v. Philadelphia Knitting Mills, supra, and therefore he did not have the same factual situation that prevails in the instant case.

We therefore conclude that the defendant has not been properly served with process in this district; and that the motion to quash the service of summons must be granted. An order in accordance with this opinion may be submitted on notice to opposing counsel.