## UNITED STATES v. B. F. GOODRICH CO. et al.

## MANDEL v. COOPER CORPORATION et al.

## UNITED STATES ex rel. STIM v. SAME.

District Court, S. D. New York.

Oct. 9, 1941.

Edward A. Scott, Jr., of New York City (Abraham L. Pomerantz, of New York City, of counsel), for plaintiff in civil action.

Fertig, Walter & Gottesman, of New York City (Alfred A. Walter, of New York City, of counsel), for plaintiff, Martin E. Mandel, etc.

Kenefick, Cooke, Mitchell, Bass & Letchworth, and Lyman M. Bass, all of Buffalo, N. Y., and Wright, Gordon, Zachry, Parlin & Cahill, of New York City, for defendant Dunlop Tire & Rubber Corp.

Sullivan & Cromwell, of New York City, for defendant General Tire & Rubber Co.

Howard L. Hyde, of Cleveland, Ohio, and Wright, Gordon, Zachry, Parlin & Cahill, of New York City, for defendant Goodyear Tire & Rubber Co., Inc.

Spence, Windels, Walser, Hotchkiss & Angell, of New York City, for defendant Lee Tire & Rubber Co. of N..Y., Inc.

Slabaugh, Seiberling, Huber & Guinther, of Akron, Ohio, and Milton Dammann, of New York City, for defendant Mohawk Rubber Co. of N. Y., Inc.

Jeffery, Escher & Murray, of New York City, for defendant Pennsylvania Rubber Co.

Arthur, Dry & Dole, of New York City, for defendants United States Rubber Products, Inc., and U. S. Tire Dealers Corporation.

Pickrel, Schaeffer & Ebeling, of Dayton, Ohio, and Maurice P. Davidson, of New York City, for defendant Dayton Rubber Mfg. Co.

Luther Day, of Cleveland, Ohio, and Davidson, Moses & Sicher, of New York City, for defendant Firestone Tire & Rubber Co.

Charles Wesley Dunn, of New York City, and Frank C. Leslie, of Akron Ohio (John T. Cahill, of New York City, of counsel), for defendant, B. F. Goodrich Co.

BRIGHT, District Judge.

This action was commenced on June 25, 1941 by the United States of America by Edward A. Scott, Jr., suing for the benefit of himself and the United States, and against the above-named defendants, who ask for a stay until further order of the

court because of the pendency of a similar action brought on April 3, 1941, by the same plaintiff by Martin E. Mandel. Plaintiff opposes the stay and asks that this action be consolidated with that brought by Mandel.

Both this action and the Mandel action are sought to be maintained by virtue of the so-called "Informers Act" of March 2, 1863, Title 31, §§ 231 and 235 U.S.C.A. It provides that any person not in the military, naval or militia service of the United States, who shall commit any of the acts prohibited by Section 80 of Title 18 U.S.C.A., shall forfeit to the United States $2,000, plus double the amount of damages which the United States may have sustained by the commission of such act, to be sued for in the same suit (Section 231). This court with others is given jurisdiction of such a suit, which "may be brought and carried on by any person, as well for himself as for the United States; the same shall be at the sole cost and charge of such person." (Section 232). The person bringing the suit and prosecuting it to final judgment shall be entitled to receive one-half the amount of such forfeiture, as well as of damages recovered and collected, and the other one-half shall belong to and be paid over to the United States (Section 234).

■■ Obviously, under the general rule, well known and so long adhered to, one plaintiff should not be permitted to bring and maintain at the same time more than one action for the same relief. The only plaintiff in an action such as this must be the United States, no matter who brings it on its behalf. Before the commencement of this action, suit had already been commenced by the United States in the Mandel case, for the very same relief sought by Scott here. There can be no division of the moneys collected because, among other reasons, the statute expressly provides that such a suit shall be at the sole cost and charge of the person bringing it; and the proceeds are to be divided one-half to him and the other half to the United States. Others are excluded. Even the sovereign has no right to interfere. The first plaintiff has sole control of the action, except that he cannot dismiss it without consent of the judge and the District Attorney. Under the circumstances, this action must be stayed. United States v. Griswold, 26 Fed. Cas. p. 42, No. 15,266; Bush v. United States, C.C., 13 F. 625; United States v. Dwight Manufacturing Co., D.C., 213 F. 522; Beadleston v. Sprague, 6 Johns., N.Y.,

101; Ferrett v. Atwill, 8 Fed.Cas. p. 1161, No. 4747.

■ For the same reasons, plaintiff's motion to consolidate, which is opposed by these defendants and by Mandel, should be denied. This is not a derivative action in the same sense as one brought by a stockholder for the benefit of a corporation. There recovery is solely for the benefit of the corporation. Here the recovery is solely for the benefit of the United States and the informer. If there can be but one action and one division, the second or subsequent attempts by others can have no standing, and there is nothing to consolidate.

Settle orders on notice.