## UNITED STATES ex rel. BENJAMIN v. HENDRICK et al.

District Court, S. D. New York.

Oct. 7, 1943.

Julian C. Trupin, of New York City, for plaintiffs.

John J. Manning, of New York City, for defendant Socony-Vacuum Oil Co., Inc.

Frueauff, Burns & Ruch, of New York City, for defendant Cities Service Oil Co.

Chadbourne, Wallace, Parke & Whiteside, of New York City, for defendant Barber Asphalt Corporation.

Dorsey, Adams & Walker, of New York City, for defendant General Builders Supply Corporation.

S. A. L. Morgan, of Amarillo, Tex., for defendant Texas Co.

RIFKIND, District Judge.

This is a motion by the defendants for an order dismissing the action and complaint upon the stated grounds that (a) the plaintiff has failed to state a claim upon which relief can be granted and (b) plaintiff is without legal capacity to sue.

The action, commonly known as an informer's or "qui tam" action, was instituted by the relator on May 24, 1943, under Sections 5438, 3490, 3491, 3492, 3493 and 3494 of the Revised Statutes, 18 U.S.C.A. §§ 80, 82–86, 31 U.S.C.A. §§ 231–235, to recover double damages and forfeitures for the United States of America and on his own behalf by reason of alleged frauds perpetrated against the Government by means of collusive bidding and rigging of prices. An indictment has been returned against these defendants by a grand jury for the Eastern District of New York on December 7, 1942. The criminal prosecution which related to the same frauds has been concluded by a plea of nolo contendere followed by sentence. A complaint in a civil action against these defendants was filed in the clerk's office of the United States District Court for the Eastern District of New York on January 20, 1943, by the United States Attorney for that district. The substantial ground of defendants' motion is that the relator's action will not lie because it is identical with the action instituted by the Government.

Assuming the identity of the actions, it is not open to question, that the Government having first commenced an action to recover for the alleged wrongs, another action at the instance of an informer will not lie. See III Blackstone's Commentaries, page 162, cited with approval in United States v. Griswold, D.C. Or., 1877, Fed.Cas.No.15,266, 5 Sawyer 25; Beadleston v. Sprague, N.Y.1810, 6 Johns. 101; United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 547, 63 S.Ct. 379, 87 L.Ed. ——; United States v. B. F. Goodrich Co., D.C.S.D.N.Y.1941, 41 F.Supp. 574.

The relator does not challenge this principle. He seeks to escape from its effect by asserting a lack of identity between the two actions. The fifth and sixth paragraphs of the Government's complaint allege:

"Fifth: That heretofore, to wit, on or about the 1st day of December, 1934, and up to and including December 7th, 1942, in the Eastern District of New York and at divers other places, the above named defendants did knowingly, wilfully and feloniously conspire, combine, confederate, agree and have a tacit understanding together and with each other and with Joshua S. Sawyer, J. Duncan George, Gustave A. Loeffler, Jr., Harold O. Thompson, Augustin J. Zimmerman, William D. McCoy (now deceased), Burton L. Boye (now deceased), Joseph Murphy (now deceased), Paul L. Fahrney, Richard H. Shafer, Louis W. May, Cornelius Vanderbilt, Jr., (now deceased), and divers other persons unknown to the plaintiff, that they would submit sham, collusive and fraudulent bids for the sale of asphalt emulsion to the United States Treasury Department, New York State Procurement Division, and that they would present for payment by the United States false or fraudulent bills, invoices or claims for all asphalt emulsion sold to the United States during said period of time.

"Sixth: The defendants, in furtherance of the aforesaid conspiracy, did prepare bids for furnishing asphalt emulsion on various projects in the Counties of Queens, Richmond, Bronx and Rockland, State of New York, on which bids were then being invited, pursuant to an agreement as to which of the defendants would submit the lowest bid, and the amount of said bid; and pursuant to the agreement that one or more defendants would submit higher bids and the amounts of said bids. Two or more of the defendants did thereafter mail or deliver their bids to the plaintiff, and the plaintiff, having no knowledge of the agreement among the defendants, did award the contract to the defendant who was the lowest bidder. After the plaintiff awarded the contract to the defendant who was the lowest bidder, the said lowest bidder furnished or caused to be furnished the quantity of asphalt emulsion specified in the contract and thereafter filed an invoice, bill or claim for payment with the plaintiff, knowing said invoice, bill or claim to be false or fraudulent. Plaintiff in due course paid the defendants presenting such invoices, bills or claims the total sum of $1,104,708.53."

Judgment is demanded in the sum of $871,875.10, with interest, together with $2,000 against each defendant.

The ninth paragraph of the relator's complaint alleges:

"That heretofore, in or about the year 1934, and up to and including the 7th day of December, 1942, at the Southern District of New York and at divers other places, the aforementioned defendants did unlawfully, wilfully and knowingly combine, conspire, confederate and agree together and with each other to submit sham, collusive and fraudulent bids, which bids

were to be at greatly raised, fixed, arbitrary, non-competitive and prearranged prices agreed upon between said defendants, on behalf of the defendants, when bids were called for by the said Procurement Division for the sale, delivery and application of asphalt emulsion to the United States of America for projects undertaken and carried on by the Work Projects Administration of the United States in the Counties of Bronx, Queens, Richmond, in Bear Mountain, New York, and throughout the United States of America."

Judgment is demanded in the sum of $10,000,000 plus $2,000 against each defendant.

When note is taken that Bear Mountain is in Rockland County, it appears that the only difference of substance between the two complaints is that the latter speaks of projects not only in the named counties but "throughout the United States of America." The relator further contends that since a larger amount is demanded in the prayer for judgment, the court should infer that the relator has in mind transactions additional to those specified in the Government's complaint.

The difficulty with the relator's contention is that the complaint alleges no facts with respect to any transaction outside of the named localities. The mere verbal extension of the territory embraced and the amount claimed, without the allegation of any facts to support the extension, accomplishes nothing. For all that appears in the relator's complaint he is not an "informer" but an "informee" and that all the information which he has recited in his complaint he obtained from the Government's complaint. Were such a complaint sustained the relator would become endowed, by means of the liberal rules for pre-trial investigation, with an exclusive commission to inquire into the business relations between the entire asphalt industry and the United States Government and to prosecute all claims he might uncover.

It is so manifest that such a power is open to grave abuse that only the most explicit legislative mandate would justify a court in finding such a purpose in the informers' statute. Indeed, no such mandate is discoverable in the statute.

The only other matter requiring comment is whether the form of the motion is the proper one to raise the objection here considered. I believe it is.

Speaking demurrers may appear like strange and hybrid creatures to one steeped in the common-law tradition, but apparently the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permit them. Boro Hall Corp. v. General Motors Corp., 2 Cir., 1942, 124 F.2d 822; Central Mexico Light & Power Co. v. Munch, 2 Cir., 1940, 116 F.2d 85, 87.

The motion is granted and the complaint will be dismissed, with costs to the defendants.