### UNITED STATES et al. v. ANACONDA WIRE & CABLE CO. et al.

#### Civ. A. No. 3083.

District Court, E. D. Pennsylvania.

Nov. 19, 1943.

Arthur W. A. Cowan and Louis F. McCabe, both of Philadelphia, Pa., for Helen M. Reichmann.

Robert T. McCracken and Charles A. Wolfe, both of Philadelphia, Pa., for Anaconda Wire & Cable Co.

BARD, District Judge.

This matter arises on defendant Anaconda's motions to quash the return of service of the summons on it and to dismiss the complaint or to stay further proceedings in the action.

The action was instituted under the Revised Statutes of the United States, Sections 3490 to 3493, 31 U.S.C.A. §§ 231 to 234, by Helen M. Reichmann, in the name of the United States and in her own name as informer, to recover damages and penalties imposed by these sections for defrauding the United States.

Section 3490, 31 U.S.C.A. § 231, provides that any person not in the armed forces of the United States who knowingly presents a fraudulent claim against the United States shall forfeit and pay to the United States the sum of $2,000 and, in addition, double the damages sustained by the United States by reason thereof.

Section 3493, 31 U.S.C.A. § 234, provides that the person who brings and prosecutes to final judgment an action for the recovery of such damages and forfeiture shall be entitled to one-half of the recovery.

Service on the corporate defendant was made on one Thomas V. Gargan, who was designated by the defendant as "District Manager" of the sales territory comprising the eastern half of Pennsylvania, lower New Jersey and part of Delaware. The individual defendants named in the action were not served. Defendant Anaconda's motion to quash the service of the summons on it challenges the sufficiency of this service to bring it within the jurisdiction of this court.

Section 3491 of the Revised Statutes, 31 U.S.C.A. § 232, grants jurisdiction to the district courts of the United States within whose jurisdictional limits the person committing the fraud "shall be found" to hear and determine any actions under the statute. Whether a corporation may be "found", within the meaning of this section, in a jurisdiction where it does no business, might be arguable. It is conceded by the defendant, however, that if it is doing business in this district, it may be "found"

here, its contention being that under the authorities it is not "doing business" in this district.

The facts bearing on this question, as shown by the depositions filed of record, are that the defendant maintains, and has maintained for a number of years, a sizeable office in a Philadelphia office building, with its name on the door and listing in the telephone books. It employs five employees in this office, including Gargan, who was in charge thereof. It pays all the expenses of maintaining the office and the salaries of these employees, payments being made from the defendant's New York office. Sales are solicited by the Philadelphia office from customers in the territory referred to above and from two independent sales agents for the defendant in that territory. Most sales are effected by the Philadelphia office subject to "approved credit". Upon such approval by the New York office, the merchandise ordered is shipped from factories outside of Pennsylvania directly to the customers. Although there are no figures in evidence as to the volume of the business thus effected, it is clear that it is considerable in amount and has continued for a number of years.

In my opinion, these facts are sufficient to establish that the defendant is doing business in this district sufficiently to be subject to the process of this court. The tendency of the courts in recent years has been to regard activities by agents of a corporation which result in a regular flow of goods into a state sufficient to render the corporation subject to service of process within that state, especially where a local office is maintained therein for the purpose of soliciting sales, and the question of where the purchase is legally consummated is considered of slight significance, 18 Fletcher, Cyclopedia Corporations (Perm.Ed.) § 8718.. See also Real Silk Hosiery. Mills, Inc., v. Philadelphia Knitting Mills Co., 3 Cir., 46 F.2d 25; Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp., D.C., 31 F.Supp. 403.

This leaves for consideration defendant's motion to dismiss the complaint or to stay further proceedings in the action. In support of this motion, defendant has filed an affidavit that prior to the institution of the present suit a civil complaint was filed by the United States of America against the corporate defendant and two of the individual defendants named in the present action, in the United States District Court for the District of Rhode Island, seeking recovery, under the same statute, for the same alleged fraudulent claims, and that this prior action is still pending. Defendant contends that since these actions are qui tam actions, the pendency of the prior suit precludes the prosecution of the present suit for the same relief, and requires the dismissal, or at least a stay, of this action.

This contention has merit. Particularly since the recent decision of the Supreme Court in the case of United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. ——, construing the successful prosecution of an informer's action, rather than the discovery of the fraudulent conduct, as the test of his right to recover a fee as an informer under this statute, would there be grave danger in permitting "informers" to maintain such actions despite the pendency of a prior action under the statute for the same relief. Immediately upon the filing of the first such action, similar actions could be instituted by "informers" in every district in which the defendant could be "found", and the first one able to force his action to a successful conclusion would thus obtain the informer's fee, possibly very considerable in amount, to the exclusion of the others.

The problem of the effect of the pendency of a prior action under this statute has been passed upon by the courts in United States v. B. F. Goodrich Co., D.C., 41 F. Supp. 574. The defendants in an action under this "Informers Act" moved for a stay of proceedings because of a pending action by another on the same cause, and the plaintiff moved to consolidate the two actions. In disposing of those motions, Judge Bright said at page 575 of 41 F. Supp.:

"Obviously, under the general rule well known and so long adhered to, one plaintiff should not be permitted to bring and maintain at the same time more than one action for the same relief. The only plaintiff in an action such as this must be the United States, no matter who brings it on its behalf. Before the commencement of this action, suit had already been commenced by the United States in the Mandel case, for the very same relief sought by Scott here. There can be no division of the moneys collected because, among other reasons, the statute expressly provides that such a suit shall be at the sole cost and charge of the person bringing it; and the

proceeds are to be divided one-half to him and the other half to the United States. Others are excluded. Even the sovereign has no right to interfere. The first plaintiff has sole control of the action, except that he cannot dismiss it without consent of the judge and the District Attorney. Under the circumstances, this action must be stayed. United States v. Griswold, 26 Fed.Cas. page 42, No. 15,266; Bush v. United States, C.C., 13 F. 625; United States v. Dwight Manufacturing Co., D.C., 213 F. 522; Beadleston v. Sprague, 6 Johns., N.Y., 101; Ferrett v. Atwill, 8 Fed. Cas. page 1161, No. 4,747.

"For the same reasons, plaintiff's motion to consolidate, which is opposed by these defendants and by Mandel, should be denied. This is not a derivative action in the same sense as one brought by a stockholder for the benefit of a corporation. There recovery is solely for the benefit of the corporation. Here the recovery is solely for the benefit of the United States and the informer. If there can be but one action and one division, the second or subsequent attempts by others can have no standing, and there is nothing to consolidate."

In the case of United States ex rel. Benjamin v. Hendrick et al., D.C.S.D.N.Y., 52 F.Supp. 60, decided October 12, 1943, a motion to dismiss a second action under this statute was granted because of the pendency of a prior action under the statute on the same cause. Said Judge Rifkind in his opinion:

"The action, commonly known as an informer's or 'qui tam' action, was instituted by the relator on May 24, 1943 under Sections 5438, 3490, 3491, 3492, 3493 and 3494 of the Revised Statutes, 18 U.S.C.A. §§ 80, 82–86, 31 U.S.C.A. §§ 231–235, to recover double damages and forfeitures for the United States of America and on his own behalf by reason of alleged frauds perpetrated against the Government by means of collusive bidding and rigging of prices. An indictment has been returned against these defendants by a grand jury for the Eastern District of New York on December 7, 1942. The criminal prosecution which related to the same frauds has been concluded by a plea of nolo contendere followed by sentence. A complaint in a civil action against these defendants was filed in the clerk's office of the United States District Court for the Eastern District of New York on January 20, 1943, by the United States Attorney for that district. The substantial ground of defend-

ants' motion is that the relator's action will not lie because it is identical with the action instituted by the Government.

"Assuming the identity of the actions, it is not open to question, that the Government having first commenced an action to recover for the alleged wrongs, another action at the instance of an informer will not lie. See III Blackstone's Commentaries, page 162, cited with approval in United States v. Griswold, D.C.Or. 1877, Fed.Cas. No. 15,266, 5 Sawy. 25; Beadleston v. Sprague, N.Y.1810, 6 Johns. 101; United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 547, 63 S.Ct. 379, 87 L.Ed. ——; United States v. B. F. Goodrich Co., D.C. S.D.N.Y.1941, 41 F.Supp. 574. * * *

"For all that appears in the relator's complaint he is not an 'informer' but an 'informee' and that all the information which he has recited in his complaint he obtained from the Government's complaint. Were such a complaint sustained the relator would become endowed, by means of the liberal rules for pre-trial investigation, with an exclusive commission to inquire into the business relations between the entire asphalt industry and the United States Government and to prosecute all claims he might uncover.

"It is so manifest that such a power is open to grave abuse that only the most explicit legislative mandate would justify a court in finding such a purpose in the informers' statute. Indeed, no such mandate is discoverable in the statute."

While there is thus authority for granting either of the prayers of the defendant's motion in the present case, I am of the opinion that the action should be stayed rather than dismissed. The authorities referred to by the court in the Hendrick case, supra, do not support the conclusion that a subsequent action on the same cause must be dismissed prior to a final determination on the merits of the first action, and it cannot be said that, until such final determination, a complaint filed by another fails to state a claim upon which relief may be granted.

The cases cited by the plaintiff on the proposition that the action may be maintained in only that district in which the fraudulent claims were made, and that hence the district court in Rhode Island has no jurisdiction over the cause, do not offer the slightest support therefor. In United States ex rel. Kessler v. Mercur Corp., 2 Cir., 83 F.2d 178, certiorari de-

nied 299 U.S. 576, 57 S.Ct. 40, 81 L.Ed. 424, and in United States ex rel. Salzman v. Salant & Salant, Inc., D.C., 41 F.Supp. 196, the question at issue was whether the fraudulent claim relied upon as the basis for the actions had been made against the United States, so as to be within the statute, and in each instance it was held that it had not. Neither case in any way dealt with the question of the district in which a claim under the statute might be made. The cases of Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989, and Brown v. Elliott, 225 U.S. 392, 32 S.Ct. 812, 56 L.Ed. 1136, cited by the plaintiffs, dealt with questions of venue in criminal prosecutions and have no bearing on the district in which a civil action under the statute here involved may be brought.

Accordingly, defendant's motion for a stay of proceedings in this action is granted until such time as there is a final determination on the merits of the case of United States of America v. Anaconda Wire & Cable Co. et al., Civil Action No. 234 in the District Court of the United States for the District of Rhode Island.