## SWEET v. HERCULES POWDER CO., Inc.
## SAME v. SHERWIN-WILLIAMS CO.

Nos. 566, 567.

District Court, E. D. Wisconsin.

Aug. 27, 1941.

Wheeler, Wheeler & Wheeler, of Milwaukee, Wis., for plaintiff.

Lines, Spooner & Quarles and David Fox, all of Milwaukee, Wis. (Kenyon & Kenyon and E. F. Baumgertner, all of New York City, of counsel), for Hercules Powder Co.

Lines, Spooner & Quarles and David Fox, all of Milwaukee, Wis. (Dean, Fairbanks & Hirsch, of New York City, of counsel), for Sherwin-Williams Co.

DUFFY, District Judge.

The complaint in each action alleges infringement of Letters Patent No. 1,504,-178 relating to "process for the production of ethers of carbohydrates". Each defendant has appeared specially and has moved the court to dismiss the complaint on the grounds that this court has no jurisdiction over the person of the defendant, and because of improper venue.

The plaintiff is a resident of the Eastern District of Wisconsin. The defendant Hercules Powder Company is a Delaware corporation with its principal place of business in Wilmington, Delaware. For some years it has maintained a regular and established place of business in the city of Milwaukee, Wisconsin. The defendant Sherwin-Williams Company is an Ohio corporation with its principal place of business in Cleveland, Ohio. It has maintained for some years past a retail store in the city of Milwaukee, Wisconsin.

From the pleadings it appears (and it is conceded by the plaintiff) that, in the case of each defendant, no alleged act of infringement has occurred within the geographical limits of the Eastern District of Wisconsin. Plaintiff nevertheless contends that these actions were properly instituted in this court by virtue of Section 48 of the Judicial Code, 28 U.S.C.A. § 109. Section 48 provides:

"Patent cases. In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership,

or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

 In as much as it is admitted that there were no acts of infringement in this district, plaintiff must rely upon the contention that each defendant is an "inhabitant" of the Eastern District of Wisconsin. A reading of Section 48 shows that to be an inhabitant of a district there must be something more than having a regular and established place of business. This is doubly clear from a reading of the second part of Section 48: " * * * If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business * * *."

The plaintiff, however, relies on Dodge Mfg. Co. v. Patten, 7 Cir., 60 F.2d 676. That case involved a construction of Section 51 of the Judicial Code, 28 U.S.C.A. § 112, which provided: " * * * where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The court held that a corporation could have a secondary habitation for the purposes of Section 51 where it had an established place of business and had there designated an agent for the purpose of accepting process. Plaintiff points out that the Patten case, supra, was quoted with approval by the Supreme Court in Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 174, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. I am of the opinion, however, that the Patten case was approved only to the extent that it held that the venue requirements of Section 51 could be waived by consent, and that the designation by a foreign corporation of an agent to accept process in a State in which the corporation did business constituted such a waiver. Such was the entire rationale of the Neirbo case, which was a diversity of citizenship case under Sec. 51, and involved the question of whether the designation by a foreign corporation of such agent to accept process amounted to a waiver. The court held that it did constitute a waiver, following Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853.

 To sustain plaintiff's contention would be to do violence to the plain wording of Section 48. In this situation it is better that the parties be remitted to the district where there is no doubt as to the jurisdiction of the court, before—rather than after—expensive and protracted litigation has been had. Haight v. Viking Pump Co. of Delaware, D.C., 29 F.Supp. 575. An order may be entered in each case, quashing and setting aside the service of the summons, and dismissing the complaint.