**G. D. SEARLE & CO., Plaintiff,**

v.

**BYRON CHEMICAL COMPANY, Defendant.**

**No. 60-C-968.**

United States District Court
E. D. New York.

Sept. 11, 1963.

Watson, Leavenworth, Kelton & Taggart, New York City, for plaintiff.

Louis Gischner, New York City, for defendant.

MISHLER, District Judge.

This action was tried by the Court without a jury.

The claim states an infringement of Patent No. 2,659,732 (35 U.S.C. § 271 et seq.). Validity of the patent is not in dispute. Defendant denies infringement.

United States Letters Patent No. 2,-659,732 is a product or composition patent for propantheline bromide (P.B.) widely prescribed for the treatment of peptic ulcers.

The parties entered into a stipulation of facts, dated April 8, 1963. Defend-ant's method of buying and selling P.B. is therein set forth. Defendant received an order from a prospective buyer in Japan through its agent there. The order was accepted by defendant by a partner in Long Island City, New York. A purchase order was then prepared by defendant at its offices in Long Island City, New York, on defendant's form, for the purchase of P.B. in Germany. The purchase order provided for delivery in New York. One of the conditions stated in the purchase order was: "This is a New York contract, and any disputes shall be determined under New York Law." Defendant sent his labels to the German supplier, who affixed them to the drums of P.B. The drums were marked for delivery and consignment to defendant. The drums were unloaded in the Foreign Trade Zone in New York for re-shipment by a carrier to Japan, or placed in bonded warehouse in the Foreign Trade Zone and subsequently placed aboard a carrier for shipment to Japan.

At the time the P.B. arrived in New York, title was in the defendant (par. 11). Title passed to the defendant's purchaser when the goods were delivered aboard the outgoing vessel to Japan (par. 15). Since title passed in the Foreign Trade Zone in New York, pursuant to a contract consummated in Long Island City, New York, the sale, which constituted the claimed infringing act, occurred within the territorial limits of this district court. Bulldog Electric Products Co. v. Cole Electric Products Co., 1943, 2 Cir., 134 F.2d 545.

Defendant argues the patent laws are ineffective in the Foreign Trade Zone. Cases cited by defendant do not support this premise. During v. Valente, 1944, 267 App.Div. 383, 46 N.Y.S.2d 385 held the right to regulate foreign trade resides exclusively with the Congress and the state could not impose a licensing requirement for the sale of liquor stored in the Foreign Trade Zone. McGoldrick v. Gulf Oil Corp., 1940, 309 U.S. 414, 428–429, 60 S.Ct. 664, 669, 84 L.Ed. 840, denied the right of the City of New York to impose a sales tax on fuel oil sold in

the City of New York to vessels engaged in foreign trade where the Congress exempted the same from tax (Revenue Act of 1932).

The only case involving the specific question, called to the Court's attention, is American Cyanamid Company v. Bottone, 1962, U.S.D.C.N.J. Civil No. 992–60 (unreported). In that case, the defendant, in an action charging patent infringement, consented to a decree enjoining further infringement of plaintiff's patent on sulfadiazine. Thereafter, defendant imported sulfadiazine to the Foreign Trade Zone for trans-shipment to foreign countries. Defendant argued the patent laws do not apply to the Foreign Trade Zone. Judge Meany rejected the claim. The order adjudging defendant in contempt, dated April 18, 1962, recites " * * * that the patent laws of the United States apply with full force and effect to the Foreign Trade Zone. * * "

In reviewing the history of the Foreign Trade Zone Act of 1934 (19 U.S.C. §§ 81a–81u), I find nothing to indicate an intention on the part of Congress to insulate this patch of United States territory from the force of the patent laws. The exemption from customs duties is expressly stated in the Act (19 U.S.C. § 81c). The expression of Congressman Celler, author of the Act (then called the Free Port Bill), exempting the Foreign Trade Zone from customs duties alone, is a typical remark of the sponsors, and significant. The Congressional Record of May 29, 1934 reports this pertinent portion of his statement defining a Foreign Trade Zone (Free Port):

" * * * It is subject a little within adjacent regions to all the laws [sic] relating to public health, vessel inspection, postal service, labor conditions, immigration, and *indeed everything except the customs*. The purpose of the free zone is to encourage and expedite that part of a nation's foreign trade which its government wishes to free from the restrictions instituted by customs duties." [emphasis added] [1]

 Defendant postulates the product it imported was produced under a German process patent and though the product is the same as that described in plaintiff's patent, the German product sold here does not infringe. The record is devoid of proof of the validity of the German patent and of proof that the P.B. imported was manufactured pursuant to the patent. Assuming the defendant's position, it does not follow it would thus avoid infringement. The monopoly grant of the United States Patent Office cannot be limited or in any way affected by foreign fiat. Boesch v. Graff, 1890, 133 U.S. 697, 703, 10 S.Ct. 378, 380, 33 L.Ed. 787. Nor does the claim that the product is produced by a process not contemplated by the plaintiff's patent claims aid defendant. In Proctor & Gamble Co. v. Berlin Mills Co., 1919, 2 Cir., 256 F. 23 (Reversed 249 U.S. 598, 39 S. Ct. 390, 63 L.Ed. 795 on ground that patent was invalid for lack of invention), the Court said:

" * * * But this patent is upon a product, and if the product complained of is the patented article substantially as described, it makes no difference by what path or process, new or old, inferior or improved, the infringing product is manufactured. General Electric Co. v. Laco-Philips Co. [1916], 233 Fed. 96, 147 C.C.A. 166."

A hearing on the issue of damages is set down for Monday, November 4, 1963, at 9:30 A.M. Plaintiff may, on two (2) days notice of settlement, submit an order for a preliminary injunction as prayed for in the complaint.

1. The bulletin of "Laws, Regulations and other Information" issued by the Foreign Trade Zone's Board incorporates this concept. Observing that no court to date has passed on the applicability of the patent laws to the Foreign Trade Zone, it states: " * * * It * * * would appear * * * that the patent laws do, if otherwise applicable, cover operations within the foreign trade zone."

Findings of fact and conclusions of law are withheld until determination of the issue of damages. Upon such determination, findings and conclusions in accordance with this opinion, together with judgment in favor of plaintiff for the relief granted, shall be submitted on two (2) days notice of settlement.